## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RINALDYS CASTILLO**, individually and on behalf of all others similarly situated, | Case No.: 1:24-cv-00984(PAE) |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| **ALBERT EINSTEIN COLLEGE OF MEDICINE INC.**, **MONTEFIORE HEALTH SYSTEMS, INC.**, **MONTEFIORE MEDICAL CENTER**, and **MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC.**, | **Jury Trial Demanded** |
| Defendants. | |

Rinaldys Castillo ("Plaintiff"), by and through his attorneys, Finkelstein, Blankinship Frei-Pearson & Garber, LLP and Seppinni Law, brings this proposed class and collective action in his individual capacity, and on behalf of a class of employees defined below, against Albert Einstein College of Medicine Inc. (the "College"), Montefiore Health Systems, Inc. ("MHS"), Montefiore Medical Center ("MMC"), and Montefiore Medicine Academic Health System, Inc. ("MMAH") (collectively, "Defendants") and hereby alleges the following with knowledge as to his own acts, and upon information and belief, as to all other acts:

### NATURE OF THE CASE

1.      This class and collective action seeks to redress Defendants' bad faith practice of failing to compensate salaried Study Coordinators and/or similar in positions, such as Research Coordinators, including Plaintiff, for the hours that they worked in excess of 40 hours per week ("Coordinators" or "Class Members").

2.    The College is recognized as "a premier, research-intensive medical school" that employs around 2,000 full-time staff members dedicated to conducting research. Among these staff members, Coordinators play a crucial role in helping facilitate research projects. A Coordinator position is an entry level job that calls for someone to implement study protocols, provide technical support, and ensure the accurate entry of data into the necessary databases, which is essential for the proper functioning of the studies.

3.    Plaintiff and the other Coordinators regularly work in excess of 40 hours per week. Coordinators are entitled to receive pay for working over 40 hours per week, as they are "employees" covered under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*; and the New York Labor Law ("NYLL"), Section 650 *et seq.* Yet, even though Coordinators often work 45 to 50 hours per workweek, Defendants refuse to pay Coordinators fair wages and have willfully misclassified Plaintiff and other Coordinators as exempt employees.

4.    There are no exemptions that apply to Plaintiff or the other Coordinators. As New York City employees of Defendant, who employs 11 or more employees, Plaintiff and the other Coordinators are not exempt under the NYLL because they never earned more than $975.00 per week from Defendants on any given week during the six years prior to the commencement of this action. *See* 12 N.Y.C.R.R. § 142-2.14(4). Plaintiff and the other Coordinators are also not exempt under the FLSA because they carried out their jobs without exercising discretion or independent judgment. *See* 29 U.S.C. § 213(a); 29 C.F.R. § 541.200.

5.    Plaintiff brings this action to recover overtime which Defendants failed to pay in violation of the FLSA, 29 U.S.C. Section 201 *et seq.*; and the NYLL, Section 650 *et seq.* Plaintiff also brings claims for failure to provide proper wage statements, and comply with frequency of

payment requirements, pursuant to NYLL Section 650 *et seq.*, Section 190 *et seq.*, and the supporting regulations.  Defendants willfully violated the FLSA and NYLL.

6.      Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated Coordinators who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

7.      Plaintiff brings his NYLL claims on behalf of himself and all other similarly situated Coordinators who worked for Defendants in New York at any time during the six (6) years prior to the commencement of this action.

8.      Only through a class action can Plaintiff and other Coordinators remedy Defendants' ongoing wrongdoing.  Because the monetary damages suffered by each Coordinator is small compared to the much higher cost a single Coordinator would incur in trying to challenge Defendants' unlawful practices, it makes no financial sense for an individual Coordinators to bring his or her own lawsuit.  Further, many Coordinators do not realize they are victims of Defendants' unlawful conduct.  With this class action, Plaintiff seeks to level the playing field and make sure that companies like Defendants pay their employees fairly.

## PARTIES AND FACTUAL ALLEGATIONS REGARDING CO-EMPLOYMENT

9.      Plaintiff Rinaldys Castillo is an adult resident and citizen of Brooklyn, New York. Plaintiff worked for Defendants as a Study Coordinator from approximately August 31, 2020, to May 31, 2022.  During this time, Plaintiff generally worked, at least, 41 to 44 hours per week.  At all relevant times, Plaintiff was an "employee" of Defendants within all applicable statues.

10.     Defendant Albert Einstein College of Medicine is a medical school with a principal place of business at 1300 Morris Park Ave, The Bronx, NY 10461.  At all relevant times, the

College was an "employer" as defined by Section 203(r) and (s) of the FLSA and by Sections 651(6) and 190(3) of the NYLL.

11.     Defendant Montefiore Medicine Academic Health Systems, Inc. is a non-for-profit corporation with a principal place of business located at 111 East 210th Street, The Bronx, NY 10467.  MMAH is the corporate parent and umbrella organization for the College and MHS.  MMAH does business under the marketing name "Montefiore Medicine."  At all relevant times, MMAH was an "employer" as defined by Section 203(r) and (s) of the FLSA and by Sections 651(6) and 190(3) of the NYLL.

12.     Defendant Montefiore Health Systems, Inc. is a not-for-profit corporation with a principal place of business at 555 South Broadway, Tarrytown, NY 10591.  MHS is the parent corporation and publicly held corporation owning 10% or more stocks in MMC.  At all relevant times, MHS was an "employer" as defined by Section 203(r) and (s) of the FLSA and by Sections 651(6) and 190(3) of the NYLL.

13.     Defendant Montefiore Medical Center is the premier academic medical center and teaching hospital affiliated with the College.  Its principal place of business is 1825 Eastchester Rd, The Bronx, NY 10461.  At all relevant times, MMC was an "employer" as defined by Section 203(r) and (s) of the FLSA and by Sections 651(6) and 190(3) of the NYLL.

14.     Collectively, Defendants employ over 2,000 individuals, including hundreds of Coordinators.

15.     Defendants comprise a "single employer" or "single integrated enterprise" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control.  Based on knowledge and information, MMAH owns a

substantial interest in each of the Defendant entities and maintains ultimate control of all Defendants' business operations.

16.    In 2015, MHS "assume[d] operational authority and responsibility for [the College]."[1] Today, Montefiore markets its partnership with the College on its website, stating that "[the College] strengthened its ability to thrive as a premier academic institution in 2015 by joining Montefiore Medicine."[2]

17.    On information and belief, since 2015, Einstein and Montefiore have increasingly deepened their integration and partnership.  Defendants market themselves to the public and to prospective employees as a single-integrated entity.  Defendants collectively do business under the marketing name "Montefiore Einstein."[3]  Indeed, Montefiore and Einstein often share a common logo, including using this integrated logo on employment documents provided to Plaintiff and other putative class members in this case.  For example, during his on-boarding, Defendants provided Plaintiff with a medical benefits rate sheet that informed him, among other things, the price of his dental insurance during his "First Year at Montefiore."  *See* Ex. 1.  Like many other documents that Plaintiff received from Defendants, Montefiore's and Einstein's logo were at the top of that rate sheet, as seen below:

---

[1] Press Release, *Montefiore Health System and Yeshiva University Finalize Joint Agreement for Albert Einstein College of Medicine* (Sept. 10, 2015), https://www.montefiore.org/body.cfm?id=1738&action=detail&ref=1251.

[2] *See Education - Partnership with Albert Einstein College of Medicine - Montefiore Medical Center*, MONTEFIORE, https://www.montefiore.org/albert-einstein-college-of-medicine (last visited May 16, 2024).

[3] *See* MONTEFIORE, https://www.montefiore.org/ (last visited May 16, 2024) (MMC markets itself as "Montefiore Einstein" at the bottom of the website); MONTEFIORE HEALTH SYSTEMS, INC., https://www.montefiorehealthsystem.org/ (last visited May 16, 2024) (MHS markets itself as "Montefiore-Einstein" in the body of the home page); MONTEFIORE EINSTEIN COMPREHENSIVE CANCER CENTER, https://cancer.montefioreeinstein.org/ (last visited May 16, 2024).



18.     Alternatively, and/or cumulatively, Defendants constitute "joint employers" with respect to Plaintiff based on the economic realities of the relationship.  Specifically, on information and belief, they share authority regarding recruitment and hiring (as reflected by onboarding paperwork provided to Plaintiff), control over the work assignments given to Plaintiff, control over disciplinary decisions (including decisions that could lead to termination), Defendants engage in common supervision and oversight of employees, and Defendants maintain a host of common employment records such as data and information related to Plaintiffs work.

19.     Throughout his entire employment, Plaintiff was supervised by Dr. Sophie Molholm, whom he understood to work for the College and Montefiore.  Dr. Molholm also publicly represents herself as such.

20.     Alternatively, and/or cumulatively, because the work performed by Plaintiff simultaneously benefited all Defendants and/or directly or indirectly furthered their joint interests, and because Defendants are not completely disassociated with respect to the employment of Plaintiff and may be deemed to share control of Plaintiff, either directly or indirectly, by reason of the fact that each Defendant either controls, is controlled by, or is under common control with the other Defendants, Defendants are collectively the "joint employers" of Plaintiff under the FLSA's and NYLL's broad definitions of "employer."  29 U.S.C. § 203(r), (s); NYLL §§ 651(6), 190(3).

## JURISDICTION AND VENUE

21.    The Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. 28 U.S.C. §§ 1331 and 1343.

22.    The Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. §1367(a).

23.    This Court has personal jurisdiction over Defendants because Defendants are citizens of New York authorized to conduct and do business in New York, including within this District.

24.    Venue is proper in this District because a substantial part of the events or omissions giving rise to this action occurred in this district. 28 U.S.C §1391(a).

## FACTUAL ALLEGATIONS REGARDING WAGE VIOLATIONS

### Defendants' Failure to Pay Overtime

25.    From August 31, 2020, to May 31, 2022, Plaintiff worked for Defendants as a Study Coordinator. Defendants paid Plaintiff a yearly salary of $46,000 - $50,000 (i.e., approximately a weekly salary of $884.62 - $961.54). Other Coordinators earned similar salaries during the six (6) years prior to the commencement of this action.

26.    As with other Coordinators, Plaintiff ensured that studies at Defendants were carried out according to strict parameters without exercising discretion nor independent judgment. During his time as an employee, Plaintiff generally worked in excess of 40 hours each week. This included, but was not limited to, working approximately 42 hours during the workweeks of October 12, 2020, January 25, 2021, February 8, 2021, and approximately 43 hours during the workweek of September 27, 2021, without receiving legally owed overtime pay for any hours

worked beyond 40 during those weeks.  These are just a few specific examples of weeks when Plaintiff worked overtime.

27.    For example, on numerous weeks, including but not limited to the weeks set forth in paragraph 26, Plaintiff typically worked 5 days per week beginning at approximately 9 a.m. until well after 5 p.m. numerous days.  On some weeks, he likely worked as many as approximately 43 hours.  He worked alongside other Coordinators who he saw work similar hours.

28.    For years, Defendants have employed hundreds of other salaried Coordinators, including Study Coordinators and Research Coordinators.  Coordinators carried out their jobs without exercising discretion nor independent judgment.  Like Plaintiff, Coordinators worked over 40 hours each week.

29.    Unless an exemption applies, pursuant to both 29 U.S.C. § 207 and 12 N.Y.C.R.R. § 142-2, New York employers are required to pay their employees one-and-one half times their regular hourly rate of pay for each hour worked over forty.

30.    Pursuant to 12 N.Y.C.R.R. § 142-2.14(4), employers are not required to pay overtime for hours worked over 40 to bona fide executive, administrative, or professional employees provided that their weekly pay meets or exceeds a certain minimum threshold.  For New York City employees of large employers who employ 11 or more employees, the minimum weekly threshold between December 31, 2017, and December 30, 2018, was $975.00.  The minimum weekly threshold has been $1,125.00 since December 31, 2018.  Thus, the exemption does not apply to Plaintiff and the other Coordinators.  Plaintiff and the other Coordinators never earned more than $975.00 per week from Defendants on any given week during the six (6) years prior to the commencement of this action.

31.     Pursuant to 29 U.S.C. § 213(a), employers are not required to pay overtime for hours worked over 40 to exempt employees.  Plaintiff and the other Coordinators carried out their jobs without exercising discretion or independent judgment.  Thus, no exemption applied to Plaintiff and the other Coordinators.  *See* 29 C.F.R. § 541.200.

32.     Defendants were, therefore, required to pay overtime to Plaintiff and the other Coordinators for every hour they worked in excess of 40 each week, but Defendants did not. Defendants also willfully misclassified Plaintiff and other Coordinators as exempt employees.

33.     Defendants' actions as described herein were willful and were not made in good faith.  Defendants knew or reasonably should have known of their legal obligations as employers and that Coordinators were employees under the FLSA and NYLL.

**Failure to Provide Required Wage Statements**

34.     NYLL § 195(3) requires employers to furnish employees with a statement with every wage payment and, for all employees who are not exempt from overtime compensation, to include their regular hourly rate(s) of pay, overtime rate or rates of pay, number of regular hours worked and number of overtime hours worked in the statement.

35.     Statutorily-required accurate wage statements provide employees with necessary and vital information about employees' pay which would otherwise be in the exclusive possession and control of their employers.  Without accurate wage statements each pay period, employees including Plaintiff and Coordinators are deprived of the means to confirm that they are being paid accurately and adequately both under applicable state and federal law and under the terms of their employment with Defendants.

36.     Even though Plaintiff and the other Coordinators are not exempt from overtime compensation, Defendants did not provide them with wage statements including their regular

hourly rate or rates of pay, overtime rate or rates of pay, number of regular hours worked or number of overtime hours worked.

37.     By providing inaccurate wage statements to their employees throughout the same time period that they were withholding legally-required overtime pay from Plaintiff and other Coordinators, Defendants willfully denied Plaintiff and other Coordinators relevant information to which these employees were legally entitled -- and which Defendants were legally required to provide to them -- that could have permitted Plaintiff and other Coordinators to determine that they were being underpaid.

38.     Likewise, by withholding vital payment information that they were legally required to provide to their employees in accurate wage statements, Defendants denied Plaintiff and other Coordinators the means to determine whether any alleged subsequent retroactive payments failed to cover the previously withheld overtime wages.

39.     As such, Plaintiff and Coordinators worked and continue to work more than 40 hours per week.

40.     Defendants' actions as described herein were willful and were not made in good faith.  Defendants knew or reasonably should have known of its legal obligations as employers and that Coordinators were employees under the NYLL.

**Failed to Provide Rest and Meal Breaks**

41.     NYLL § 162(2) requires employers to provide, at least, a thirty-minute meal break between 11 a.m. and 2 p.m. for all non-factory worker employees who work a shift of six hours or more that extends over the hours of 11 a.m. and 2 p.m.

42.     Plaintiff and Coordinators were regularly denied rest and meal breaks.

43.     Plaintiff and Coordinators were required to work shifts of six hours or longer that extended over 11 a.m. and 2 p.m.  Defendants failed to always allow Plaintiff and the other Coordinators a thirty-minute meal break on the days that their shifts lasted six hours or longer.

44.     NYLL § 162(3) requires employers to provide, at least, a twenty-minute meal break between 5 p.m. and 7 p.m. for all employees who worked a shift that started before 11 a.m. and continued later than 7 p.m.

45.     Plaintiff and Coordinators often worked shifts that started before 11 a.m. in the morning and continued later than 7 p.m. in the evening.  When they did, Defendants failed to always provide them with an additional twenty-minute meal break.

46.     Defendants' actions as described herein were willful and were not made in good faith.  Defendants knew or reasonably should have known of its legal obligations as employers and that Coordinators were employees under the NYLL.

### Failure to Comply With Frequency of Payments Requirement

47.     NYLL § 191 requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment.

48.     Defendants did not and do not pay Plaintiff and the members of the FLSA Collective and the NYLL Class their wages earned in accordance with the agreed upon terms of employment.

49.     Defendants' actions as described herein were willful and were not made in good faith.  Defendants knew or reasonably should have known of its legal obligations as employers and that Coordinators were employees under the NYLL.

11

## FLSA COLLECTIVE ACTION ALLEGATIONS

50.     Pursuant to 29 U.S.C. §§ 207, 216(b), Plaintiff brings his FLSA claim as a collective action pursuant to the FLSA on behalf of himself and on behalf of the following collective:

> All persons who were/are employed by Defendants as "Study Coordinators" and/or similar positions, such as "Research Coordinators," during the past three years prior to the commencement of this action through the present (the "FLSA Collective Period") who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek (the "FLSA Collective").

51.     Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

52.     Plaintiff is a member of the FLSA Collective that he seeks to represent because he worked for Defendants during the relevant period and suffered the overtime violation alleged above.

53.     This action may be properly maintained as a collective action on behalf of the putative FLSA Collective because, during the relevant period, they were all subjected to Defendants' same unlawful policies, plan, and practices of failing to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

54.     Plaintiff and the FLSA Collective have substantially similar job duties and are paid pursuant to a similar, if not identical, payment structure.

55.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as "Study Coordinators" and/or similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers, and e-mail addresses so Plaintiff

can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

56.     Plaintiff brings his remaining NYLL claims as a class action pursuant to the Federal Rule of Civil Procedure 23 on behalf of himself and as the Class Representative of the following persons:

> All persons who were/are employed by Defendants in the state of New York as "Study Coordinators" and/or similar in positions, such as "Research Coordinators," during the past six years prior to the commencement of the action through the present (the "NYLL Class Period") who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek, not provided accurate wage statements, denied rest and meal breaks, and not paid wages earned in accordance with their agreed terms of employment (the "NYLL Class").

57.     Plaintiff reserves the right to modify the proposed class definition at a later stage of litigation.

58.     The NYLL Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23(a).

59.     The NYLL Class satisfies the numerosity standard because it is comprised of at least hundreds of persons who are geographically dispersed.  As a result, joinder of all NYLL Class members in a single action is impracticable.  NYLL Class members may be informed of the pendency of this class action through mail and/or email.

60.     The NYLL Class members are readily ascertainable.  The number and identity of the NYLL Class are determinable from the records of Defendants in the normal course of business. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

61.     The NYLL Class specifically excludes Defendants, any parent, subsidiary, or affiliate of any Defendant, any entity in which Defendants has a controlling interest, or which Defendants otherwise controls, any officer, director, legal representative, predecessor, successor, or assignee of Defendant.

62.     Notice can be provided by means permissible under Fed. R. Civ. P. 23.

63.     Plaintiff's claims raise questions of law and fact common to the NYLL Class. The questions of law and fact common to the NYLL Class arising from Defendants' actions include, without limitation, the following:

    a.  Whether Plaintiff and the NYLL Class have worked as "Study Coordinators" and/or similar in positions, such as "Research Coordinators," for Defendants;

    b.  Whether Plaintiff and the NYLL Class have performed similar job duties for Defendants;

    c.  Whether Defendants failed to pay Plaintiff and the NYLL Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the NYLL Class Period;

    d.  Whether Defendants failed to provide Plaintiff and the NYLL Class with accurate wage statements during the NYLL Class Period;

    e.  Whether Defendants failed to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment during the NYLL Class Period;

    f.  Whether Defendants failed to offer and pay Plaintiff and the NYLL Class for breaks during the NYLL Class Period;

    g.  Whether Defendants' failure to pay overtime to Plaintiff and the NYLL Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R §142-2.2;

    h.  Whether Defendants' failure to provide Plaintiff and the NYLL Class accurate wage statements constitutes a violation of NYLL §195;

   i. Whether Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment constitutes a violation of NYLL §191;

   j. Whether Defendants' violations of the NYLL and/or its regulations were willful.

64. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

65. Plaintiff is a member of the NYLL Class that he seeks to represent. Plaintiff's claims are typical of the claims of the NYLL Class, and he has no interests that are antagonistic to, or in conflict with, the interests of the putative Class because:

   a. Plaintiff and the NYLL Class have worked as "Study Coordinators" and/or similar in positions, such as "Research Coordinators," for Defendants' New York offices;

   b. Plaintiff and the NYLL Class have performed similar job duties for Defendants;

   c. Plaintiff and the NYLL Class were subject to the same policies and procedures relating to their work, time, and compensation, which had the common effect of failing to pay Plaintiff and the NYLL Class overtime wages;

   d. Plaintiff and the NYLL Class were subject to the same policies and procedures relating to wage statements they received, which had the common effect of failing to provide Plaintiff and the NYLL Class with the information required under the NYLL regarding their regular and overtime rates of pay and hours worked at each rate;

   e. Plaintiff and the NYLL Class were subject to the same policies and procedures relating to rest and meal breaks, which had the common effect of denying Plaintiff and the NYLL Class a rest or meal break on the days on which Plaintiff and the NYLL Class worked six-hour shifts;

   f. Plaintiff and the NYLL Class were subject to the same policies and procedures relating to the frequency of payments, which had the common effect of failing to provide Plaintiff and the NYLL Class their wages earned in accordance with the agreed upon terms of employment;

   g. Defendants' violations of the NYLL and/or its regulations were willful.

66.    Plaintiff's interests are co-extensive with those of the NYLL Class that he seeks to represent in this case.  Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue their similar individual claims in this action.  Plaintiff has retained counsel who is qualified and experienced in employment class action litigation, and who is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience, and resources of Plaintiff and his counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

67.    Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

68.    Injunctive and declaratory relief are the predominate relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

69.    The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

70.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

71.    The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL

16

Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events, and each class member makes similar legal and factual arguments to prove the Defendants' liability.

72.    Plaintiff is currently unaware of the identities of the NYLL Class.  Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants in the state of New York as "Study Coordinators" and/or similar positions during the NYLL Class Period, along with their last known addresses, telephone numbers, and e-mail addresses so Plaintiff can provide the NYLL Class with notice and the opportunity to make an informed decision about whether to participate in it.

## CAUSES OF ACTION

### COUNT I

**Failure To Pay Overtime In Violation Of 29 U.S.C. § 207
(On Behalf Of Plaintiff And The FLSA Collective)**

73.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

74.    29 U.S.C. § 207(a) requires covered employers to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

75.    During the FLSA Collective Period, Plaintiff and the FLSA Collective were non-exempt "employees" within the meaning of the FLSA.

76.    During the FLSA Collective Period, Defendants were the covered "employer" of Plaintiff and the FLSA Collective within the meaning of the FLSA.

77.    During the FLSA Collective Period, Plaintiff and the FLSA Collective have been entitled to the rights, protections and benefits provided under the FLSA.

78.    Plaintiff and the FLSA Collective are not exempt from overtime compensation as established by the commissioner's wage order or otherwise provided by New York State law or regulation.

79.    During the FLSA Collective Period, Defendants willfully violated the FLSA by failing to pay Plaintiff and the FLSA Collective all overtime wages of not less than one and one-half times their regular hourly wage for each hour worked in excess of 40 hours per workweek.

80.    During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked more than 40 hours per workweek for Defendants.  However, Defendants did not pay them overtime for hours worked in excess of 40 hours per workweek.

81.    As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

82.    The foregoing conduct of Defendants constitutes willful violations of the FLSA.

83.    Defendants have no good faith justification or defense for failing to pay Plaintiff and the FLSA Collective the overtime wages mandated by the FLSA.

84.    29 U.S.C. § 216(b) provides that Plaintiff and the FLSA Collective are entitled to recover the full amount of their wage underpayments during the three years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate,

and a penalty in the amount of 100% of the total payment due for the relevant period as Defendants willfully had no good faith basis to believe their wage payments to Plaintiff and the FLSA Collective complied with the FLSA.

## COUNT II

### Failure To Pay Overtime In Violation Of NYLL § 650 *et seq.* And 12 N.Y.C.R.R. § 142-2.2 (On Behalf Of Plaintiff And The NYLL Class)

85.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

86.    At all relevant times, Plaintiff and the NYLL Class have been entitled to the rights, protections, and benefits provided under the NYLL §§ 650 *et seq.* and 190 *et seq.*

87.    During the NYLL Class Period, Plaintiff and the NYLL Class were "employees" within the meaning of NYLL §§ 2(7), 651(5), 190(2), and 12 N.Y.C.R.R. § 142-2.14.

88.    During the NYLL Class Period, Defendants were the "employer" of Plaintiff and the NYLL Class within the meaning of NYLL §§ 651(6) and 190(3).

89.    Plaintiff and the NYLL Class are not exempt from overtime compensation as established by the commissioner's wage order or otherwise provided by New York State law or regulation.

90.    The NYLL provides that employees have the following entitlement to overtime premium wages:

> [A]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*

12 N.Y.C.R.R. § 142-2.2.

91.    During the NYLL Class Period, Defendants willfully violated the NYLL, Article 19, §§ 650, *et seq.* and 12 N.Y.C.R.R. § 142-2.2 by failing to pay Plaintiff and the NYLL Class all

overtime wages of not less than one and one-half times their regular hourly wage for each hour worked in excess of 40 hours per workweek.

92.    NYLL § 663(1) provides that Plaintiff and the NYLL Class are entitled to recover the full amount of their wage underpayments during the six years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate, and a penalty in the amount of 100% of the total payment due for the relevant period.

## COUNT III

### Failure To Provide Required Wage Statements In Violation Of NYLL § 195
### (On Behalf Of Plaintiff And The NYLL Class)

93.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

94.    NYLL § 195(3) requires employers to provide employees with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked and their number of overtime hours worked.

95.    During the NYLL Class Period, Defendants willfully violated NYLL § 195(3) by failing to supply Plaintiff and the NYLL Class with a wage statement each pay period that includes their regular hourly rate(s) of pay, their overtime rate(s) of pay, their number of regular hours worked, and their number of overtime hours worked.

96.    Defendants' failure to provide legally-required wage statements harmed Plaintiff and the NYLL Class by presenting incomplete or inaccurate information about the overtime pay to which they were entitled.  This deprivation of accurate wage statements -- and the provision of inaccurate wage statements in their place -- facilitated Defendants' ongoing wage theft, as

Defendants withheld means for Plaintiff and the NYLL Class to identify the withheld overtime wages that they were owed.

97.     Under cover of these inaccurate wage statements, Defendants were able to withhold legally-owed wages from Plaintiff and the NYLL Class for approximately six years.

98.     Defendants have no good faith justification or defense for failing to provide legally-required wage statements mandated by NYLL § 195(3).

99.     Plaintiff and the NYLL Class are not exempt from overtime compensation as established by the commissioner's wage order or otherwise provided by New York State law or regulation.

100.    NYLL § 198(1-b) provides that Plaintiff and the NYLL Class are entitled to recover $5,000 dollars each time Defendants failed to provide them with the required wage statement in the last six years, plus periods of equitable tolling, up to a total of $5,000,000 each plus an award of costs and reasonable attorneys' fees incurred in pursuing this claim.

## COUNT IV

### Failure To Pay Wages In Violation Of NYLL § 191
### (On Behalf Of Plaintiff And The NYLL Class)

101.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

102.    NYLL § 191 requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment. Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

103.    During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment.

104.    As a result of Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

105.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

106.    Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid wages earned in accordance with their agreed terms of employment, an additional amount in liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at trial for the following relief:

A.    Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b);

B.    Designate this action as a collective action pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of Plaintiff from the date of filing of this Complaint until the FLSA Collective has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in as plaintiffs;

C.    Approving Plaintiff as adequate representative of the FLSA Collective and NYLL Class;

D.      Appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and Seppinni Law as Class Counsel;

E.      Authorizing Class Counsel to issue a notice informing the Class Members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F.      Finding that Defendants willfully violated the applicable federal and state laws alleged herein;

G.      Granting judgment in favor of Plaintiff and the Class Members on all counts;

H.      Awarding all available compensatory damages in amounts to be determined;

I.      Awarding all available liquidated damages in amounts to be determined;

J.      Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

K.      Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

L.      Awarding Plaintiff and the Class Members such other and further relief as this Court deems just and proper; and

M.      Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## **JURY TRIAL DEMAND**

Under Federal Rule of Civil Procedure 38, Plaintiff demands that a jury determine any issue triable of right.

Dated: May 17, 2024
     New York, New York          **FINKELSTEIN, BLANKINSHIP,**
                                        **FREI-PEARSON & GARBER, LLP**

By:    */s/ Jeremiah Frei-Pearson*
         Jeremiah Frei-Pearson
         Andrew C. White
         Erin Raye Kelley
         One North Broadway, Suite 900
         White Plains, New York 10601
         Telephone: (914) 298-3281
         jfrei-pearson@fbfglaw.com
         awhite@fbfglaw.com
         ekelley@fbfglaw.com

         Shane Seppinni
         Zachary L. Rubin
         **SEPPINNI LAW**
         40 Broad St., 7th Fl.
         New York, NY 10004
         Telephone: (212) 859-5085
         shane@seppinnilaw.com
         zach@seppinnilaw.Com

         *Attorneys for Plaintiff and the Proposed*
         *Class & Collective*