UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RINALDYS CASTILLO, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    -v-<br><br>ALBERT EINSTEIN COLLEGE OF MEDICINE INC., MONTEFIORE HEALTH SYSTEMS, INC., MONTEFIORE MEDICAL CENTER, and MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC.,<br><br>                Defendants. | Case No. 1:24-cv-00984(PAE) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

LITTLER MENDELSON, P.C.
William J. Anthony, Esq.
Ricardo M. Reyes, Esq.
900 Third Avenue
New York, NY 10022.3298
Telephone: 212.583.9600

*Attorneys for Defendants*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT FACTUAL ALLEGATIONS ............................................................................. 2

I.  RELEVANT ALLEGATIONS REGARDING PLAINTIFF'S EMPLOYMENT
    WITH DEFENDANT. .................................................................................................... 2

II. PLAINTIFF'S MEAL AND REST BREAK ALLEGATIONS. ....................................... 4

III. PLAINTIFF'S CLASS CLAIMS. ................................................................................. 4

ARGUMENT ........................................................................................................................... 5

IV. THE FAC CANNOT SURVIVE DEFENDANTS' MOTION TO DISMISS FOR
    MULTIPLE REASONS ................................................................................................. 5

    A.  Motion to Dismiss Standard ................................................................................ 5

    B.  Because the FAC is an Impermissible Group Pleading, Plaintiff  has Failed
        to Allege Facts Showing that the Montefiore Defendants were his
        "Employer." ......................................................................................................... 5

V.  IN THE ALTERNATIVE, DEFENDANTS' MOTION TO STRIKE SHOULD
    BE GRANTED ............................................................................................................ 15

    A.  Motion to Strike Standard .................................................................................. 15

    B.  Because There is No Private Cause of Action Under NYLL § 162,
        Plaintiff's Meal and Rest Break, Allegations Should be Stricken. .................... 16

    C.  Plaintiff's Class Allegations Should be Stricken Because He Lacks
        Standing to Assert Class Claims Beyond the Dates of his Employment
        with the College. ............................................................................................... 17

CONCLUSION ....................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apolinar v. R.J. 49 REST.*,
    LLC, No. 15-CV-8655 (KBF), 2016 WL 2903278 (S.D.N.Y. May 18, 2016) ...................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................5

*Barfield v. New York City Health & Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008)...............................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................5

*Brathwaite v. Sec. Indus. Automation Corp.*,
    No. 06 CV 0300 (ERK) (JMA), 2006 WL 8439237 (E.D.N.Y. Dec. 1, 2006) .....................13

*Browne v. IHOP*,
    No. 05-CV-2602 (DGT), 2005 WL 1889799 (E.D.N.Y., Aug. 9, 2005)................................16

*Capri Sun GmbH v. Am. Beverage Corp.*,
    414 F. Supp. 3d 414 (S.D.N.Y. 2019).................................................................................15

*Chen-Oster v. Goldman, Sachs & Co.*,
    877 F.Supp.2d 113 (S.D.N.Y. 2012)...................................................................................17

*Cook v. Arrowsmith Shelburne, Inc.*,
    69 F.3d 1235 (2d Cir. 1995)...............................................................................................11

*Cyr v. Berry Plastics Corp.*,
    No. 5:11-CV-817, 2011 WL 6337713 (N.D.N.Y., Dec. 19, 2011) .......................................16

*Dacas v. Duhaney*,
    No. 17CIV3568EKVMS, 2023 WL 6297530 (E.D.N.Y., Sept. 8, 2023)...............................10

*Earl v. Novartis Consumer Health*,
    No. 07-cv-9595, 2008 WL 4274468 (S.D.N.Y. Sept. 12, 2008) ..........................................11

*Fernandez v. HR Parking, Inc.*,
    407 F.Supp.3d 445 (S.D.N.Y. 2019)...................................................................................9

*G–I Holdings, Inc. v. Baron & Budd*,
    238 F.Supp.2d 521 (S.D.N.Y.2002)....................................................................................15

*Goldstein v. Pataki,*
   516 F.3d 50 (2d Cir. 2008)................................................................................5

*Griffin v. Sirva Inc.*
   835 F.3d 283 (2d Cir. 2016)..............................................................................11

*Herman v. RSR Sec. Servs.,*
   172 F.3d 132 (2d Cir. 1999)................................................................................6

*Hong v. JP White Plains, Inc.,*
   No. 19 CV 5018 (NSR), 2021 WL 1226566 (S.D.N.Y., Mar. 31, 2021) ...............14

*Irizarry v. Catsimatidis,*
   722 F.3d 99 (2d Cir. 2013)..................................................................................9

*Juhua Han v. Kuni's Corp.,*
   No. 19-cv-6265, 2020 WL 2614726 (S.D.N.Y. May 22, 2020) ....................11, 13

*Lawrence v. Adderley Indus., Inc.,*
   No. CV-09-2309 (SJF) (ETB), 2011 WL 666304 (E.D.N.Y. Feb. 11, 2011)............8

*Lawrence v. Int'l Bus. Mach. Corp.,*
   No. 12-cv-8433, 2017 WL 3278917 (S.D.N.Y. Aug. 1, 2017)..................6, 7, 8, 15

*Lopez v. Acme AM. Envtl. Co.,*
   No. 12-cv-511, 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012)..........................6, 7, 8

*Lora v. Centralized Mgmt. Serv., Inc.,*
   No. 18 Civ. 4253 (NSR), 2020 WL 3173025 (S.D.N.Y. June 12, 2020) ...............15

*Maddison v. Comfort Sys. USA (Syracuse), Inc.,*
   No. 5:17-CV-0359 LEK ATB, 2018 WL 679477 (N.D.N.Y. Feb. 1, 2018) ...........17

*Martin v. Sprint United Mgmt Co.,*
   273 F.Supp.3d 404 (S.D.N.Y. 2017)................................................................5, 10

*Mayfield v. Asta Funding,*
   95 F.Supp.3d 685 (S.D.N.Y. 2015)..................................................................17

*McHenry v. Fox News Network, LLC,*
   510 F.Supp.3d 51 (S.D.N.Y. 2020)...............................................................13, 15

*Musiello v. CBS Corp.,*
   518 F.Supp.3d 782 (S.D.N.Y. 2011)..........................................................6, 7, 12, 14

*Olvera v. Bareburger Group LLC,*
   73 F. Supp. 3d 201 (S.D.N.Y. 2014)..................................................................5

*Pilgrim v. Univ. Health Card, LLC,*
    660 F.3d 943 (6th Cir. 2011) ................................................17

*Reynolds v. Lifewatch, Inc.,*
    136 F.Supp.3d 503 (S.D.N.Y. 2015)........................................17

*Roach v. T.L. Cannon Corp.,*
    No. 3:10-cv-0591(TJM/DEP), 2015 WL 10818750 (N.D.N.Y. 2015)....................................18

*Romero v. DHL Express, Inc.,*
    No. 12-CV-1942 VEC RLE, 2015 WL 1315191 (S.D.N.Y., Mar. 24, 2015) .........................16

*Solis v. ZEP LLC,*
    No. 19-cv-4230 (JGK), 2020 WL 1439744 (S.D.N.Y. Mar. 24, 2020)..................................12

*Syed v. S&P Pharm. Corp.,*
    No. 21-cv-6000, 2023 WL 2614212 (E.D.N.Y. Mar. 23, 2023)............................................10

*Zheng v. Liberty Apparel Co. Inc.,*
    355 F.3d 61 (2d Cir. 2003)................................................8, 9, 10

**Statutes & Other Authorities**

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ................................................ *passim*

Fed. R. Civ. P. 23(c)(1)(A) ........................................................................17

Federal Rule of Civil Procedure 12(b)(6) ............................................. *passim*

Federal Rule of Civil Procedure 12(f) ..............................................1, 15, 18

Federal Rule of Civil Procedure 23 ......................................................4

New York Labor Law § 162 ..........................................................2, 16

New York Labor Law § 191 ......................................................................1

New York Labor Law § 195 ......................................................................1

New York Labor Law § 650 *et seq.* ....................................................1

New York Labor Law ................................................................. *passim*

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), Defendants Albert Einstein College of Medicine (the "College"), Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc. (collectively the "Montefiore Defendants") (together with the College, "Defendants") submit the following Memorandum of Law in support of their Motion to Dismiss Plaintiff Rinaldy Castillo's First Amended Complaint ("FAC"), or in the Alternative, Motion to Strike.

## PRELIMINARY STATEMENT

Through the FAC, Plaintiff alleges wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and New York Labor Law ("NYLL") §§ 650 *et seq.* ("NYLL"), 191 and 195, against all Defendants. Defendants' Motion to Dismiss should be granted because Plaintiff has failed to sufficiently allege the Montefiore Defendants were his "employer" under either the FLSA or NYLL.

In effect, Plaintiff seeks to hold four different entities–i.e., the Defendants–liable as employers for the alleged conduct of his one true employer: the College. In doing so, the FAC obfuscates how any of the Montefiore Defendants affected or controlled the terms and conditions of his employment with the College. The FAC's sole basis for imputing liability on the Montefiore Defendants is the alleged parent-subsidiary relationship between and among the Montefiore Defendants and the College. Beyond that, the FAC merely advances conclusory statements and formulaic allegations of the legal elements in an attempt to establish the Montefiore Defendants were Plaintiff's employer under either a joint-employment or a single enterprise theory. Such allegations, standing alone, are insufficient to demonstrate that the Montefiore Defendants were Plaintiff's employer.

Moreover, not only are Plaintiff's allegations insufficient on their face, but the FAC indiscriminately refers to the College and the Montefiore Defendants as "Defendants," "Montefiore" or Plaintiff's "employer." Such indiscriminate pleading constitutes an impermissible group pleading, which mandates dismissal of the FAC as to the Montefiore Defendants.

In the strict alternative, Plaintiff's meal and rest break, as well as his class claims, should be stricken from the FAC. As for the meal and rest break allegations, it is well established that there is no private cause of action to enforce NYLL § 162 for alleged violations of unpaid meal breaks. More importantly, the FAC does not even plead a cause of action for such alleged violations. Consequently, the meal and rest break allegations are superfluous and should be stricken.[1] With respect to the class allegations, Plaintiff has standing to act as a class representative only for the period of time he worked for the College, *i.e.*, August 31, 2020, through May 31, 2022. Thus, the class claims should be stricken to the extent Plaintiff purports to act as a class representative *before* or *after* those dates.

## RELEVANT FACTUAL ALLEGATIONS

## I.     RELEVANT ALLEGATIONS REGARDING PLAINTIFF'S EMPLOYMENT WITH DEFENDANT.

Plaintiff alleges he worked as a Study Coordinator for Defendants from approximately August 31, 2020, to May 31, 2022.  FAC ¶ 9.  Plaintiff further alleges that for the duration of his employment he "regularly" and "generally" worked in excess of 40 hours each week but was not paid overtime wages in violation of the FLSA and NYLL. *Id.* ¶¶ 3, 9, 19, 26 – 27, 39.  Plaintiff

---

[1] Given the abnormal way the FAC sets forth the meal and rest break allegations, Defendants alternatively request that, to the extent an implicit claim or cause of action was pled, such a claim be dismissed per Rule 12(b)(6) for the same reasons, i.e., no private cause of action to prosecute these claims.

alleges that he was "an 'employee' of Defendants" and that he "worked for Defendants." *Id.* ¶¶ 9, 25, 52.

Per the FAC, Defendant Montefiore Medicine Academic Health Systems, Inc. allegedly owns a substantial interest in each of the other Montefiore Defendants and maintains ultimate control of all of Defendants' business operations. *Id.* ¶¶ 11, 15. In turn, Defendant Montefiore Health Systems is the alleged parent of Defendant Montefiore Medical Center, the latter which is the teaching hospital affiliated with the College. *Id.* ¶¶ 12–13. Based on these purported corporate relations, the FAC alleges that Defendants comprise a "single employer" or "single enterprise" as they "share interrelated operations, centralized control of labor relations, common management and common ownership or financial control." *Id.* ¶ 15.

The FAC further alleges that in 2015, Defendant Montefiore Health Systems "assume[d] operational authority and responsibility for [the College]" and "Montefiore markets its partnership with the College on its website." *Id.* ¶ 16. The FAC does not define the term "Montefiore." *Id.*, *passim*.

Similarly, the FAC alleges that the College "and Montefiore have increasingly deepened their integration and partnership," "market themselves to the public and to prospective employees as a single-integrated entity," including "often shar[ing] a common log, [such as] th[e] integrated log on employment documents provided to Plaintiff . . . ." *Id.* ¶ 17. And, "on information and belief, [Defendants] share authority regarding recruitment and hiring (as reflected by onboarding paperwork provided to Plaintiff), control over the work assignments given to Plaintiff, control over disciplinary decisions (including decisions that could lead to termination), Defendants engage in common supervision and oversight of employees, and Defendants maintain a host of common employment records such as data and information related to Plaintiff's work." *Id.* ¶ 18. However,

beyond these conclusory statements, the FAC does not specifically allege, or provide any specific examples of, how any of the Montefiore Defendants directly or indirectly had any control over the terms and conditions of Plaintiff's employment. *Id.*, *passim*.

Plaintiff further alleges that he "was supervised by Dr. Sophie Molholm, whom he understood to work for the College and Montefiore," and that "Dr. Molholm also publicly represents herself as such." *Id.* ¶ 19. This is the only reference or allegation relating to Dr. Sophie Molholm in the entire FAC. *Id.*, *passim*.

## II.    PLAINTIFF'S MEAL AND REST BREAK ALLEGATIONS.

Plaintiff also alleges he "and Coordinators were regularly denied rest and meal breaks," specifically that "Defendants failed to always allow Plaintiff and the other Coordinators a thirty-minute meal break on the days that their shifts lasted six hours or longer." *Id.* ¶¶ 42 – 43, 45. Beyond these allegations, the FAC does not plead a separate cause of action for alleged meal and/or rest break violations. *Id.*, *passim*.

## III.    PLAINTIFF'S CLASS CLAIMS.

Through the FAC, Plaintiff also alleges to bring claims under the NYLL on a class action basis pursuant to Rule 23. *Id.* ¶ 56. Specifically, the FAC defines the purported Class under New York law as:

> "All persons who were/are employed by Defendants in the State of New York as 'Study Coordinators' and/or similar positions, such as 'Research Coordinators,' ***during the past six years prior to the commencement of the action through the present (the "NYLL Class Period")*** who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek, not provided accurate wage statements, ***denied rest and meal breaks***, and not paid wages earned in accordance with their agreed terms of employment (the "NYLL Class").

*Id.* (emphasis added).

4

## ARGUMENT

## IV. THE FAC CANNOT SURVIVE DEFENDANTS' MOTION TO DISMISS FOR MULTIPLE REASONS.

### A. Motion to Dismiss Standard.

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege a "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A]t a bare minimum, the operative standard requires the plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (quotations and citations omitted); *see also Twombly*, 550 U.S. at 555 (the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level").

### B. Because the FAC is an Impermissible Group Pleading, Plaintiff has Failed to Allege Facts Showing that the Montefiore Defendants were his "Employer."

To withstand a motion to dismiss claims arising under the FLSA and NYLL, Plaintiff must sufficiently plead facts demonstrating that the Montefiore Defendants operated as his "employer." *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 204 (S.D.N.Y. 2014) ("defendants' motion to dismiss turns on a single question: Does the [amended complaint] plead facts sufficient to allege a plausible claim that the franchisor defendants were the plaintiffs' 'employers' under the FLSA and NYLL"). When a plaintiff sues more than one entity as his alleged employer, he or she does so either under a joint employment or single integrated enterprise theory. *See Martin v. Sprint*

*United Mgmt Co.*, 273 F.Supp.3d 404 (S.D.N.Y. 2017) (applying joint employment test); *Musiello v. CBS Corp.*, 518 F.Supp.3d 782 (S.D.N.Y. 2011) (applying single integrated enterprise test).

Here, regardless of the theory applied, Plaintiff's claims fail because, this time, he relies exclusively on impermissible group pleadings to demonstrate an employment relationship with the Montefiore Defendants. *Lawrence v. Int'l Bus. Mach. Corp.*, No. 12-cv-8433, 2017 WL 3278917, at *6 (S.D.N.Y. Aug. 1, 2017). Indeed, the "lumping of the two entities together, without tying allegations bearing on control over employees to [the parent], does not satisfy [the plaintiff's] burden to set forth specific facts as to how [the parent] actually exercised control over [the subsidiaries'] employees." *Musiello*, 518 F.Supp.3d at 790. Plaintiff fails to allege sufficient facts to establish that the Montefiore Defendants were his "employer" under either theory.

### a.   Plaintiff has Failed to Sufficiently Plead that the Montefiore Defendants were a Joint-Employer.

"When it comes to 'employer' status under the FLSA, control is key." *Lopez v. Acme AM. Envtl. Co.*, No. 12-cv-511, 2012 WL 6062501, at *3 (S.D.N.Y. Dec. 6, 2012). The "overarching concern" is whether the putative employer "possessed the power to control the workers in question, with an eye to the economic reality presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). This requires courts to consider whether the plaintiff has properly pled that the putative employer had the power to exercise formal and/or functional control over the "economic reality" of the individual's employment. *See Lopez*, 2012 WL 6062501, at *3 – 4. Under this standard, the FAC cannot survive Defendants' motion.

### b.   The FAC Fails to Sufficiently Allege that the Montefiore Defendants Exerted Formal Control Over Plaintiff.

The "formal" control factors look to whether the defendant: (1) had the power to hire and fire the employee; (2) supervised and controlled the employee's work schedules or conditions of

employment; (3) determined the rate and method of payment; and (4) maintained the employee's employment records. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008). Failure to properly allege that affiliated corporate entities individually exercised formal control over a plaintiff's employment warrants the granting of a motion to dismiss. *Lopez*, 2012 WL 6062501, at \*3 – 4 (granting motion to dismiss for failure to properly plead formal control).

Here, Plaintiff's allegations are nothing but mere legal conclusions and regurgitations of the control factors. But, more to the point, Plaintiff impermissibly uses group allegations to attempt to plead the formal control factors. *See e.g., Lawrence*, 2017 WL 3278917, at \*6 (finding group pleadings insufficient to state a claim under joint employer or single employer doctrines); *Musiello*, 518 F.Supp.3d at 790 (the "lumping of the two entities together, without tying allegations bearing on control over employees to [the putative joint employer], does not satisfy [the plaintiff's] burden to set forth specific facts as to how [the putative joint employer] actually exercised control over [the employer's] employees").

Specifically, Plaintiff contends that *all* "Defendants constitute 'joint employers' with respect to Plaintiff based on the economic realities of the relationship." *See* FAC ¶ 18. The FAC then conclusory alleges that "Defendants . . . *share authority regarding recruitment and hiring*, *control over the work assignments* given to Plaintiff, *control over disciplinary decisions* (including decisions that could lead to termination), Defendants engage in *common supervision and oversight of employees*, and Defendants *maintain a host of common employment records* such as data and information related to Plaintiffs work." *Id.* (emphasis added). Yet, these allegations–which constitute nothing more than legal conclusions–fail to demonstrate that the Montefiore Defendants specifically had the power to either hire Plaintiff, *or* supervise his work schedule or hours worked, *or* determine his rate and method of pay. *See* FAC, *passim*.

7

Additionally, and to the extent the FAC alleges that "*Defendants* paid Plaintiff a yearly salary," (FAC ¶ 25), alluding to the rate and method of compensation factor, this yet again constitutes an impermissible group pleading. *See Lawrence*, 2017 WL 3278917, at *6. Equally important, Plaintiff fails to allege that the Montefiore Defendants had any authority to set or modify his annual salary or compensation.   FAC ¶ 25. Likewise, although Plaintiff alleges that he "regularly work[ed] in excess of 40 hours per week," he does not allege that the Montefiore Defendants had any involvement in setting this schedule or supervising it. FAC ¶¶ 3, 9, 26 – 27.

Lastly, Plaintiff advances the naked allegation that "Dr. Sophie Molholm," whom *Plaintiff subjectively* "understood to work for the College and Montefiore," was his supervisor. FAC ¶ 19. But this allegation yet again falls short of the formal control standard. Not only are these statements conclusory, but these scant allegations do not make reasonable the inference that Dr. Sophie Molholm controlled Plaintiff's employment, including the decision to retain or terminate him.  *Id.*

The absence of factual allegations demonstrating that the Montefiore Defendants had formal control over the terms and conditions of his employment with the College is fatal to his claims. *Lopez*, 2012 WL 6062501, at *3 – 4.

### c.    The FAC Also Fails to Sufficiently Allege that the Montefiore Defendants Exerted Functional Control Over Plaintiff.

Nor does the FAC demonstrate that the Montefiore Defendants exercised functional control over Plaintiff's employment with the College. "A finding that a putative joint employer does not exercise formal control over a worker does not end the inquiry however." *See Lawrence v. Adderley Indus., Inc.*, No. CV-09-2309 (SJF) (ETB), 2011 WL 666304, at *7 (E.D.N.Y. Feb. 11, 2011) (*citing Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 69 (2d Cir. 2003)). Rather, the court must then "assess whether an entity that lacked formal control nevertheless exercised functional control over a worker" by considering:

8

"(1) whether [the putative employer]'s premises and equipment were used for the plaintiffs' work; (2) whether the Contractor Corporation had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the putative employer]'s process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which the [putative employer] or (its) agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the putative employer]." *See Irizarry*, 722 F.3d at 105, n. 4 (*citing Zheng*, 355 F.3d at 72) ("*Zheng* factors").

*Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013) (*citing Zheng*, 355 F.3d at 72). These factors "are most relevant in the context of subcontractor relationships," which is not the case in this action. *Fernandez v. HR Parking, Inc.*, 407 F.Supp.3d 445, 451 (S.D.N.Y. 2019). Notwithstanding, here, Plaintiff has wholly failed to offer facts satisfying any of the *Zheng* factors.

First, Plaintiff does not allege that he worked at the Montefiore Defendants' premises or that he used Montefiore Defendants' equipment to perform his duties as a Study Coordinator. *See* FAC, *passim*. Second, Plaintiff has not alleged that his position as Study Coordinator could shift from and/or among the Montefiore Defendants vis-à-vis the College. *Id.*

Third, Plaintiff failed to plead that he performed a discrete line-job that was integral to the Montefiore Defendants' process of production. Indeed, it is not clear from the FAC that the Montefiore Defendants even had a process of production because Plaintiff wholly failed to allege any facts concerning the Montefiore Defendants other than a conclusory corporate structure among them and the College. *See* FAC ¶¶ 10 – 13.[2]

_____

[2] To the extent Plaintiff alleged that Defendant Montefiore Medicine Academic Health Systems, Inc. "maintains ultimate control of all Defendants' business operations," such an allegation is conclusory. FAC ¶ 15.

Fourth, Plaintiff failed to allege that there was a contract between him and any of the Defendants, making the fourth *Zheng* factor inapplicable. *Id.*, *passim*. Fifth, and as stated above, Plaintiff failed to allege that any of the Montefiore Defendants actually supervised his work as a Study Coordinator. *Martin*, 273 F.Supp.3d at 433 ("The inquiry under this factor is largely the same as the inquiry under the second formal control factor and is the most relevant factor in determining whether a purported joint employer exercises functional control over plaintiffs").

Finally, Plaintiff failed to allege that he worked predominately for the Montefiore Defendants. Again, all that Plaintiff avers in the FAC is that he "worked for *Defendants* as a Study Coordinator," which is nothing more than a conclusory and impermissible group pleading. FAC ¶ 9 (emphasis added).

Where, as here, Plaintiff failed to plead facts showing the Montefiore exercised formal *or* functional control over his employment with the Montefiore Defendants, no joint employment relationship exists, and Defendants' motion should be granted.

### d.    Plaintiff Failed to Sufficiently Plead That Defendants Are A Single Integrated Enterprise.

"The Second Circuit has never applied the single integrated employer doctrine to a FLSA claim, but courts in the Circuit have found sufficient support for its application in the breadth of the FLSA's definition of an employer and the Second Circuit's interpretation thereof." *Dacas v. Duhaney*, No. 17CIV3568EKVMS, 2023 WL 6297530, at *10 (E.D.N.Y., Sept. 8, 2023) (*quoting Syed v. S&P Pharm. Corp.*, No. 21-cv-6000, 2023 WL 2614212, at *2 (E.D.N.Y. Mar. 23, 2023)). Assuming, *arguendo*, that the doctrine applies to claims arising under the FLSA and/or the NYLL, Plaintiff's claims fail because the few facts he offers specifically concerning the Montefiore Defendants fall short to sufficiently plead a single integrated enterprise.

In evaluating the existence of a single integrated enterprise, which is an outgrowth of Title VII cases, courts consider the following factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Griffin v. Sirva Inc.* 835 F.3d 283, 292 (2d Cir. 2016). "Although no one factor is determinative[,] control of labor relations is the central concern." *Id.*, at 292. "The Second Circuit has also recognized that the third and fourth factors–common management and common ownership–are, in particular, ordinary aspects of the parent-subsidiary relationship, which often may be of limited use in determining whether to treat two or more corporate affiliates as a single employer." *Juhua Han v. Kuni's Corp.*, No. 19-cv-6265, 2020 WL 2614726, at *8 (S.D.N.Y. May 22, 2020). There is a strong presumption that the Montefiore Defendants, as a corporate parent, did not employ the College's employees, *e.g.*, Plaintiff.  *Earl v. Novartis Consumer Health*, No. 07-cv-9595, 2008 WL 4274468, at *4, n. 2 (S.D.N.Y. Sept. 12, 2008) ("a parent is liable for the acts of its subsidiary only under 'extraordinary circumstances' and *there is a strong presumption that a parent is not the employer of its subsidiary's employees*.") (emphasis added). The allegations in the FAC cannot overcome this presumption.

> **e.**    **Plaintiff Failed to Sufficiently Plead the Montefiore Defendants had a Centralized Control of Labor Relations.**

To show centralized control of labor relations, Plaintiff is required to demonstrate that the Montefiore Defendants made "final decisions regarding employment matters." *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir. 1995). Plaintiff failed to do so for two key reasons.

First, and most importantly, Plaintiff utterly failed to plead any facts that specifically demonstrate the Montefiore Defendants' involvement in any final decisions affecting his employment with the College.  At best, Plaintiff makes the conclusory allegation that Defendants

11

"share . . . control over disciplinary decisions (including decisions that *could* lead to termination)." *See* FAC ¶ 18. This is insufficient to satisfy the minimal pleading requirements. *See Solis v. ZEP LLC*, No. 19-cv-4230 (JGK), 2020 WL 1439744, at *8 (S.D.N.Y. Mar. 24, 2020) (holding that "conclusory allegations are insufficient to hold [defendant corporation] liable as part of a single integrated enterprise because the [a]mended [c]omplaint lacks any factual allegations that support the conclusions that [defendants] had an interrelation of operations, centralized control of labor relations, common management, or common ownership and financial control over operations").

Second, to the extent the FAC attempts to establish that the Montefiore Defendants made any decisions impacting Plaintiff's employment (e.g., termination), it does so by indiscriminately lumping all Defendants together. *See* FAC, *passim*. That is also insufficient to survive a motion to dismiss. *See e.g., Musiello*, 518 F.Supp.3d at 790 (group pleadings and conclusory allegations are insufficient to plead centralized control of labor relations).[3]

Consequently, Plaintiff has failed to show the necessary centralized labor relations between the College and the Montefiore Defendants.

### f.    Plaintiff Failed to Plead Facts Supporting the Remaining Single Enterprise Factors.

Plaintiff has also failed to plead facts showing that the College and the Montefiore Defendants had interrelated operations. As for common ownership, Plaintiff attempts to manufacture common management and common ownership by virtue of their alleged parent-

---

[3] It should be noted that the plaintiff *Musiello* made far more specific allegations than those in the FAC, including that the parent company "promulgated, drafted, and approved human resources and other policies for its subsidiaries and monitored their compliance with such policies" and that plaintiff "had regular contact . . . with [the parent's] Executives and obtain[ed] guidance and/or approval from [the parent's] Executives regarding . . . decisions that directly affected [the subsidiary's] employees." *Id.* at 791. Nothing even remotely similar is alleged in the FAC in this action.

subsidiary relation.  *See* FAC ¶¶ 10 – 13, 15.  But caselaw makes it clear that in parent-subsidiary relationships, there "exists at least some common ownership between the two entities" and "the existence of [such a] relationship is *insufficient* on its own to support a finding" of a single enterprise.  *Juhua Han*, 2020 WL 2614726, at *12 (emphasis added); *Brathwaite v. Sec. Indus. Automation Corp.*, No. 06 CV 0300 (ERK) (JMA), 2006 WL 8439237, at *5 (E.D.N.Y. Dec. 1, 2006) (same).  That is precisely what the FAC relies on here – *i.e.*, that the Montefiore Defendants are the "corporate parent" and "own" an interest in the College. FAC ¶¶ 10 – 13, 15.  This is a non-issue and it does not establish the Defendants were a single enterprise.

Regarding the common management factor, Plaintiff hangs his hat on three facts. First, that *one* of the Montefiore Defendants, Montefiore Health Systems, Inc., "assume[d] operational authority and responsibility for [the College]." FAC ¶ 16.  Plaintiff does not, however, allege any additional facts as to the presupposed "operational authority." *Id.* Such a conclusory assertion about the purported control over the College does not satisfy the pleading standards.  *See McHenry v. Fox News Network, LLC*, 510 F.Supp.3d 51, 82 (S.D.N.Y. 2020) ("scant additional allegations in the [A]mended [C]omplaint do not make reasonable the inference that [the parent] exercised control over [the actual employer's] labor relations").  Moreover, Plaintiff pleads no additional facts as to the remainder of the Montefiore Defendants regarding the alleged "operational authority."  *See* FAC ¶¶ 16 – 17.

Second, Plaintiff alleges that the College and "*Montefiore*[4] have increasingly deepened their integration and partnership," including by "market[ing] themselves to the public and to prospective employees as a single-integrated enterprise" under the name "Montefiore Einstein"

---

[4] This is yet again another example of Plaintiff's impermissible group pleadings, as the FAC does not specifically allege *which* of the Montefiore Defendants this allegation relates to.

and sharing an "integrated logo." *Id.*, ¶ 17 (emphasis added). This is a mere red herring, and *Musiello* is also instructive on this point. In *Musiello*, the plaintiff pled that she received a personal identification number to access her employee account with the parent company and that the parent and subsidiary had an integrated software system for internal communications and payroll systems. *Id.*, at 792. Notwithstanding these allegations, the Court found that such facts "would not carry the day" because "such features are ***routine*** in the context of a parent-subsidiary context." *Id.*, at 792-93 (emphasis added).

Here, the FAC does not plead any allegations even remotely similar to those in *Musiello*. And, even if the allegations in the FAC are accepted as true for purposes of this Motion, "the decisive factor as to whether a named defendant is responsible for FLSA violations as to a particular plaintiff turns on control[.]"[5] *Hong v. JP White Plains, Inc.*, No. 19 CV 5018 (NSR), 2021 WL 1226566, at *6 (S.D.N.Y., Mar. 31, 2021) (dismissing corporate defendants where plaintiff failed to allege control, despite the allegation that defendants "advertise[d] as an enterprise [and] share[d] a common website and logos"). The FAC alleges–at best–that during onboarding Plaintiff received a "medical benefits rate sheet" during his "First Year at Montefiore" and containing a Montefiore and the College logo. FAC ¶ 17. However, this is insufficient to properly allege the common management factor. *See Hong*, 2021 WL 1226566, at *6.

---

[5] Even if this Court was inclined to adopt the proposition that Plaintiff pled sufficient facts to establish the common management and ownership factors, it does not change the fact that Plaintiff failed to establish centralized control of labor relations as discussed in Section IV., B., ii., a., *supra*. *See Musiello*, 518 F.Supp.3d at 793 (collecting cases holding no single integrated enterprise exists where no evidence of centralized control of labor); *Apolinar v. R.J. 49 REST.*, LLC, No. 15-CV-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) (no single enterprise where plaintiff did "not establish that the Moving Corporate Defendants had an interrelation of operations or centralized control of labor relations with plaintiffs' identified direct corporate employer").

Third, the FAC alleges "Dr. Sophie Molholm," whom Plaintiff "understood to work for the College and Montefiore" and whom also "publicly represented herself as such," supervised him. FAC ¶ 19. However, it is well-established that a "'naked assertion' that an employee, in this case [Dr. Sophie Molholm], worked for the parent as well as the subsidiary" does *not* suffice to establish a single enterprise. *Lora v. Centralized Mgmt. Serv., Inc.*, No. 18 Civ. 4253 (NSR), 2020 WL 3173025, at *5 (S.D.N.Y. June 12, 2020). Indeed, and unlike other cases, the single-paragraph statement in the FAC does not even explicitly allege that the Montefiore Defendants *actually* hired and/or retained Dr. Sophie Molholm. *See e.g., McHenry*, 510 F.Supp.3d at 82 ("The Amended Complaint's claims that [certain individuals] were *each hired and retained by* [the parent corporation] without more, are naked conclusions unworthy of weight").

For these reasons, Plaintiff has failed to meet his burden of pleading that the Montefiore Defendants and the College are part of a single integrated enterprise. Where, as here, "the facts alleged on a pleading do not plausibly support the claims against a parent corporation, the claims against the parent corporation may properly be dismissed on a Rule 12(b)(6) motion." *Lawrence*, 2017 WL 3278917, at *6.

## V.    IN THE ALTERNATIVE, DEFENDANTS' MOTION TO STRIKE SHOULD BE GRANTED

### A.    Motion to Strike Standard

Under Rule 12(f), on a motion or *sua sponte*, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Federal Courts have discretion in deciding whether to grant motions to strike." *Capri Sun GmbH v. Am. Beverage Corp.*, 414 F. Supp. 3d 414, 423 (S.D.N.Y. 2019) (citation omitted). "[A]llegations may be stricken if they[, *inter alia*,] have no real bearing on the case." *G–I Holdings, Inc. v. Baron & Budd,* 238 F.Supp.2d 521, 555 (S.D.N.Y.2002) (citations omitted).

15

Even if this Court were to find that Plaintiff alleged sufficient facts to survive Defendants' Motion, and he has not, Defendants' Motion to Strike should be granted as to Plaintiff's meal and rest break, and his class action, allegations.

### B. Because There is No Private Cause of Action Under NYLL § 162, Plaintiff's Meal and Rest Break, Allegations Should be Stricken.

As a matter of law, there is no private right of action to enforce NYLL § 162 for alleged violations of unpaid meal breaks. *See generally Cyr v. Berry Plastics Corp.*, No. 5:11-CV-817, 2011 WL 6337713, at *6 (N.D.N.Y., Dec. 19, 2011) ("there is no private cause of action for a violation of New York Labor Law § 162"); *Browne v. IHOP*, No. 05-CV-2602 (DGT), 2005 WL 1889799, at *1 (E.D.N.Y., Aug. 9, 2005) (collecting cases).

Here, the FAC is rather abnormal with respect to its meal and rest break allegations. While Plaintiff sets forth facts alleging Defendants failed to provide rest and meal breaks (FAC ¶¶ 41 – 46), as well as incorporating such a claim in his proposed Class definition (FAC ¶ 56), Plaintiff does not plead a count or cause of action for alleged failure to provide rest and meal breaks. *See* FAC ¶¶ 73 – 106. As such, to the extent the FAC may implicitly allege a cause of action for violations of NYLL § 162, such allegations should be stricken because they are irrelevant and cannot support such a claim.[6]

---

[6] Even if Plaintiff takes the position that he *is* attempting to prosecute an individual and/or class meal break claim under NYLL § 162, such a cause of action would be ripe for dismissal under Rule 12(b)(6) for the same reasons discussed herein. *See Cyr*, 2011 WL 6337713, at *6 (granting motion to dismiss as "there is no private cause of action"); *Romero v. DHL Express, Inc.*, No. 12-CV-1942 VEC RLE, 2015 WL 1315191, at *7 (S.D.N.Y., Mar. 24, 2015) ("Because Section 162 violations can *only* be enforced by the Commissioner of Labor, Plaintiff's [] cause of action is dismissed") (emphasis in original).

**C.    Plaintiff's Class Allegations Should be Stricken Because He Lacks Standing to Assert Class Claims Beyond the Dates of his Employment with the College.**

Alternatively, if this Court is not inclined to dismiss the FAC in its entirety, Plaintiff's class allegations should nevertheless be stricken because he lacks standing. "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). As such, a defendant may move to strike class claims even before a plaintiff moves to certify the class. *See Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (holding that Rule 23(c)(1)(A) gives district courts authority to grant a defendant's motion to strike class claims without "await[ing] a motion by the plaintiffs"). A motion to strike class allegations may be granted if a defendant "demonstrate[s] from the face of the Complaint that it would be impossible to certify the alleged class regardless of the facts [the] [p]laintiffs may be able to obtain during discovery." *Reynolds v. Lifewatch, Inc.*, 136 F.Supp.3d 503, 511 (S.D.N.Y. 2015) (*quoting Mayfield v. Asta Funding*, 95 F.Supp.3d 685, 696 (S.D.N.Y. 2015)). Thus, a motion to strike is not premature if class claims fail as a matter of law for lack of standing. *Chen-Oster v. Goldman, Sachs & Co.*, 877 F.Supp.2d 113, 120 (S.D.N.Y. 2012).

Here, Plaintiff will never be able to establish that he is an adequate representative of any class of employees who worked for the College "during the past six years prior to the commencement of the action through the present" (FAC, ¶ 56), because Plaintiff concedes that he was only employed by the College from August 31, 2020 to May 31, 2022. *Id.* at ¶ 9. Thus, this Court should, at a minimum, strike any class claims brought by Plaintiff for the period prior to August 31, 2020 or after May 31, 2022, because Plaintiff does not have standing to assert such claims. *See Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 5:17-CV-0359 LEK ATB, 2018 WL 679477, at *8 (N.D.N.Y. Feb. 1, 2018) ("Plaintiff purports to represent the FLSA and Rule

17

23 Classes from March 30, 2011—one month before Defendant employed him—to the entry of judgment in this case—several years after May 2015, when he left Defendant's employ. Plaintiff cannot claim to have been injured by any underpayment made by Defendant to its employees before or after his dates of employment. Accordingly, Plaintiff only has standing to represent the Rule 23 and FLSA Classes regarding injuries that the putative classes incurred between May 2011 and May 2015"); *Roach v. T.L. Cannon Corp.,* No. 3:10-cv-0591(TJM/DEP), 2015 WL 10818750, *6 (N.D.N.Y. 2015) (named plaintiffs do not have standing to sue as class representatives for claims that pre- or post-date their employment, and limiting temporal scope of class to dates named plaintiffs were employed).

Thus, Plaintiff's class allegations should be stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should dismiss the FAC in its entirety pursuant to Rule 12(b)(6) and grant such other and further relief as it deems just and proper. In the strict alternative, this Court should strike Plaintiff's meal and rest break and class allegations pursuant to Rule 12(f).

Dated: July 11, 2024                                   LITTLER MENDELSON, P.C.
      New York, New York

                                       By:  */s/ Ricardo M. Reyes*
                                           William J. Anthony, Bar No. 5064092
                                         wanthony@littler.com
                                         Ricardo M. Reyes, Bar No. 6031868
                                         rireyes@littler.com
                                         900 Third Avenue
                                         New York, NY  10022.3298
                                         Telephone:  212.583.9600
                                         Facsimile:  212.832.2719

                                       *Attorneys for Defendants*