UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RINALDYS CASTILLO, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    -v-<br><br>ALBERT EINSTEIN COLLEGE OF MEDICINE INC., MONTEFIORE HEALTH SYSTEMS, INC., and MONTEFIORE MEDICAL CENTER,<br><br>            Defendants. | Civil Action No. 1:24-cv-00984 |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

LITTLER MENDELSON, P.C.
William J. Anthony, Esq.
Ricardo M. Reyes, Esq.
900 Third Avenue
New York, NY 10022.3298
Telephone:  212.583.9600

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    The FAC Fails to Plead Sufficient Facts to Allege the Montefiore Defendants Were His "Employer" Under Any Legal Theory ................................ 2

        A.    The FAC Does Not Sufficiently Plead a Joint-Employer Theory ....................................................................................... 2

            i.    Plaintiff Has Not Alleged Sufficient Facts Relating to Formal Control ............................................................................... 2

            ii.    Plaintiff Has Not Alleged Sufficient Facts Relating to Functional Control ......................................................................... 4

        B.    The FAC Fails to Sufficiently Plead a Single Integrated Enterprise ................................................................................. 5

    II.    Plaintiff's Arguments in Opposition to Defendants' Motion to Strike Lack Merit .................................................................................................. 6

        A.    Because Plaintiff Concedes There is No Private Cause of Action for Meal and Rest Break, Such Allegations Should Be Stricken ................................................................................. 6

        B.    A Court May Properly Strike the FAC's Class Claims ............................. 7

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Almonte v. JAM Maint. LLC*,
    2023 WL 6066055 (S.D.N.Y. Sep. 18, 2023) ................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .....................................................................................................................2

*Barata v. Nudelman, Klemm & Golub, P.C.*,
    2015 WL 733628 (D.N.J. Feb. 19, 2015) .....................................................................................2

*Borgese v. Baby Brezza Enters.*,
    2021 WL 634722 (S.D.N.Y. Feb. 18, 2021) .................................................................................7

*BYD Co. Ltd, v. VICE Media LLC*,
    531 F.Supp.3d 810 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. Mar. 1,
    2022) .........................................................................................................................................3, 4

*Chen-Oster v. Goldman, Sachs & Co.*,
    877 F.Supp.2d 113 (S.D.N.Y. 2012) .............................................................................................7

*Conflict Int'l v. Komorek*,
    2024 WL 1347577 (S.D.N.Y. Mar. 29, 2024) ............................................................................3, 4

*Denney v. Deutsche Bank AG*,
    443 F.3d 253 (2d Cir. 2006) .........................................................................................................7

*Dong Hua Zhang v. Amy's Rest. N.Y.*,
    2023 N.Y. Slip Op. 34419 (Sup. Ct. N.Y. Cty. 2023) .................................................................4

*Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*,
    284 F.R.D. 238 (E.D. Pa. 2012) ....................................................................................................9

*Gucciardo v. Titanium Constr. Servs.*,
    2017 U.S. Dist. LEXIS 109727 (S.D.N.Y. Jul. 14, 2017) ............................................................9

*Hill v. Major League Soccer, LLC*,
    2024 WL 3361216 (S.D.N.Y. July 10, 2024) ...............................................................................6

*Korman v. The Walking Co.*,
    503 F.Supp.2d 755 (E.D. Pa. 2007) ..............................................................................................9

*Lewis v. Casey*,
    518 U.S. 343 (1996) .....................................................................................................................7

*Lopez v. Acme Am. Envt'l Co., Inc.*,
  2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ...................................................................3

*Maddison v. Comfort Sys. USA (Syracuse), Inc.*,
  2018 WL 679477 (N.D.N.Y. Feb. 1, 2018) ..................................................................8, 9

*Marshall v. Milberg LLP*,
  2009 WL 5177975 (S.D.N.Y. Dec. 23, 2009) ..................................................................7

*Metcalf v. TransPerfect Glob., Inc.*,
  2020 WL 7028644 (S.D.N.Y. Nov. 30, 2020) ..................................................................3

*Mokrov v. Aeroflot Russian Airlines*,
  2021 WL 2435801 (S.D.N.Y. June 15, 2021) ..................................................................7

*Noe v. Ray Realty*,
  2020 WL 506459 (S.D.N.Y. Jan. 31, 2020) .....................................................................9

*Olvera v. Bareburger Grp. LLC*,
  73 F.Supp.3d 201 (S.D.N.Y. 2014) ..................................................................................4

*Pinovi v. FSS Enters., Inc.*,
  2015 WL 4126872 (S.D.N.Y. July 8, 2015) .....................................................................6

*Roach v. T.L. Cannon Corp.*,
  2015 WL 10818750 (N.D.N.Y. 2015) ..........................................................................8, 9

*Ruiz v. New Avon LLC*,
  2019 WL 4601847 (S.D.N.Y. Sep. 22, 2019) ...................................................................5

*Severino v. Avondale Care Group, LLC*,
  1:21cv10720, ECF No. 296 (S.D.N.Y. Sep. 20, 2023) ....................................................9

*Spencer v. No Parking Today, Inc.*,
  2013 U.S. Dist. LEXIS 36357 (S.D.N.Y. Mar. 15, 2013) ................................................9

*Vinole v. Countrywide Home Loan, Inc.*,
  571 F.3d 935 (9th Cir. 2009) ............................................................................................9

*Yap v. Mooncake Foods, Inc.*,
  146 F. Supp. 3d 552 (S.D.N.Y. 2015) ..............................................................................6

**Statutes and Other Authorities**

29 U.S.C. § 206(a) ...............................................................................................................6

Fed. R. Civ. P. 12(b)(6) .....................................................................................................10

Fed. R. Civ. P. 12(f) ..........................................................................................................10

N.Y. Lab. Law § 652(1)............................................................................................................6

**PRELIMINARY STATEMENT**

The First Amended Complaint ("FAC") fails to demonstrate that any of the Montefiore Defendants were – or acted as – his "employer." Plaintiff's Memorandum of Law in opposition to Defendants' Motion (Dkt. No. 33), confirms that his claims lack merit as to the Montefiore Defendants and should be dismissed in their entirety, with prejudice.

First, and most importantly, Plaintiff failed to address the fact that the allegations in the FAC constitute impermissible group pleadings. Defendants' Motion should be granted on this basis alone, as Plaintiff conceded the insufficiency of the FAC. Plaintiff also fails to plead sufficient facts to allege the Montefiore Defendants were his "employer" under *either* a joint-employer or single integrated legal theory. Plaintiff's allegations are conclusory and do not satisfy the pleading standards.

Second, Plaintiff himself concedes that he cannot prosecute a private cause of action for meal and rest break violations. Moreover, because Plaintiff was compensated on a salary basis well above the applicable minimum wages, any alleged meal and/or rest break violation falls off the picture and should be stricken as Plaintiff was paid for all hours worked. Even if this Court were to find that Plaintiff may nonetheless plead meal and rest break allegations in support of his overtime claims, such allegations, as pled in the FAC, are insufficient to state a claim.

Third, Plaintiff lacks standing to prosecute any class or representative action beyond the period of his employment with the College. Plaintiff attempts to obfuscate the issue by arguing–at length–that Plaintiff's adequacy as a class representative should be reserved to the merits (i.e., after discovery). However, where, as here, it is evident on the face of the FAC that Plaintiff lacks standing (i.e., is not an adequate representative), the Court may strike such allegations.

Thus, Defendants respectfully request their Motion to Dismiss be granted, in its entirety. Alternatively, Plaintiff's meal and rest break, as well as the class claims, allegations be stricken.

1

**ARGUMENT**

I. **The FAC Fails to Plead Sufficient Facts to Allege the Montefiore Defendants Were His "Employer" Under Any Legal Theory**

Plaintiff's claims should be dismissed because the FAC failed to plead sufficient facts to establish that the Montefiore Defendants were Plaintiff's "employer" under either a joint-employer or single integrated enterprise theory. Plaintiff's Opposition does nothing to change this fact.

    A. **The FAC Does Not Sufficiently Plead a Joint-Employer Theory**

Plaintiff argues that the determination of an "employer" under the FLSA or NYLL is generally a question of fact, not to be decided on a motion to dismiss. *See* Dkt. No. 33 at 4. Plaintiff puts the cart before the horse, as this does not override the pleading standards and requirements nor Plaintiff's compliance thereof. The Opposition gets one thing right: Plaintiff "***must sufficiently plead*** the facts for [employment] tests in order for Defendants to be considered joint employers." *Id.*, at 6 (emphasis added). This is a condition precedent to Plaintiff's ability to continue to prosecute any claim against the Montefiore Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) (To avoid "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *accord Barata v. Nudelman, Klemm & Golub, P.C.*, 2015 WL 733628, at *4 (D.N.J. Feb. 19, 2015) ("A complaint cannot go forward based on unsupported allegations, coupled with the hope that something will turn up in discovery."). Plaintiff cannot meet this threshold issue.

        i. **Plaintiff Has Not Alleged Sufficient Facts Relating to Formal Control**

Preliminarily, it is crucial to note that Plaintiff's Opposition utterly fails to address the fact that the allegations in the FAC constitute improper group pleadings. *Compare* Dkt. 29 at 6-8, *with* Dkt. 33, *passim*. Plaintiff's failure to oppose Defendants' specific argument is deemed waiver of

2

that issue. *See e.g., BYD Co. Ltd, v. VICE Media LLC*, 531 F.Supp.3d 810, 821 (S.D.N.Y. 2021), *aff'd*, 2022 WL 598973 (2d Cir. Mar. 1, 2022); *Conflict Int'l v. Komorek*, 2024 WL 1347577, at *10 (S.D.N.Y. Mar. 29, 2024) ("Courts have recognized that '[a] plaintiffs failure to address an issue in its opposition raised by its adversary amounts to a concession or waiver of the argument.'") (citations omitted). As such, Plaintiff conceded that the allegations in the FAC are group pleadings. *See* Dkt. 29 at 6-8. Since group pleadings are improper and insufficient to properly allege *any* of the joint employer factors, the FAC is subject to dismissal on this basis alone.

But even if Plaintiff's allegations were not group pleadings, the FAC cannot survive Defendants' Motion. Plaintiff argues that the FAC sufficiently alleges a "corporate relationship" between the Defendants. Dkt. 33 at 7. While the FAC alleges vague and conclusory statements of such a relationship, there is no nexus whatsoever sufficiently linking the Montefiore Defendants vis-à-vis the College. *See* Dkt. No. 22 ¶¶ 10-13. At best, the FAC alleges that "MMAH is the corporate parent and umbrella organization for the College and MHS." *Id.* ¶ 11. This is insufficient to survive a motion to dismiss. *Lopez v. Acme Am. Envt'l Co., Inc.,* 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012) ("[a]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees.").

The FAC also fails to allege–and the Opposition makes no mention of–*how* the Montefiore Defendants exercised formal control over Plaintiff's employment. Plaintiff avers that Defendants are a joint employer based on "assumed operational authority" and "jointly market[ing]" such as a "common logo." Dkt. 33 at 7. But these allegations are insufficient to establish that the Montefiore Defendants actually *controlled* Plaintiff's work conditions. *Metcalf v. TransPerfect*

3

*Glob., Inc.*, 2020 WL 7028644, at *6 (S.D.N.Y. Nov. 30, 2020) (granting motion to dismiss where "Plaintiffs d[id] not allege facts showing that more than one of the [parent] corporations had a role in hiring, firing, supervising, paying or setting work conditions for Plaintiffs").[1]

Finally, Plaintiff argues that Dr. Sophie Molholm supervised Plaintiff, "whom **he** understood to work for the College and Montefiore," and that Dr. Molholm "publicly represents **herself** as working for the College and Montefiore." Dkt. 33 at 7 (emphasis added). Again, neither Plaintiff's nor Dr. Molholm's subjective beliefs or representations[2] are sufficient to establish that the Montefiore Defendants had any power or control over Dr. Molholm or Plaintiff. *See Dong Hua Zhang v. Amy's Rest. N.Y.*, 2023 N.Y. Slip Op. 34419, 3 (Sup. Ct. N.Y. Cty. 2023) ("Plaintiff's assertion that he 'thinks' both defendants hired and fired people is merely speculative."). Plaintiff's formal control arguments therefore fail.

### ii. Plaintiff Has Not Alleged Sufficient Facts Relating to Functional Control

Plaintiff's functional control arguments likewise fail. First, Plaintiff failed to rebut the fact that the allegations in the FAC constitute impermissible group pleadings. Ergo, Plaintiff waived those arguments as well, thereby conceding that the FAC fails to sufficiently plead functional control. *See Conflict Int'l*, 2024 WL 1347577, at *10; *BYD Co. Ltd, supra*, 531 F.Supp.3d at 821.

Second, and as discussed above, the allegation that Dr. Sophie Molholm supervised Plaintiff–as pled–is likewise insufficient. Plaintiff argues that Dr. Molholm's personal representation that she was "working for the College and Montefiore . . . draws a reasonable inference that Plaintiff's work was under the effective control of both the College and Montefiore."

---

[1] Plaintiff cites to *Olvera v. Bareburger Grp. LLC*, 73 F.Supp.3d 201, 208 (S.D.N.Y. 2014). While *Olvera* was properly decided, it greatly differs from the facts in this case. First, *Olvera* involved a franchisor-franchisee relationship. *Id.* at 203. Second, the plaintiff in *Olvera* pled far more detailed allegations than those in Plaintiff's FAC. *See* Dkt. 22, *passim*.
[2] Such an allegation is taken as true solely for purposes of Defendants' Motion to Dismiss.

4

*See* Dkt. 33 at 9. For all the reasons discussed above, the FAC failed to plead sufficient facts to allege as much. Thus, Plaintiff's inference is anything but reasonable.[3]

    **B.**  **The FAC Fails to Sufficiently Plead a Single Integrated Enterprise**

Perhaps acknowledging the insufficiency of the allegations in the FAC to establish a joint employer theory, Plaintiff argues that "as an alternative or cumulative theory," the Montefiore Defendants are "employers" under a single integrated enterprise theory. *See id*. Plaintiff's arguments lack merit.

Plaintiff concedes that "control of labor relations is the central concern" of the inquiry. *Id.*, at 11. Here, Plaintiff points to one press release stating that the Montefiore Defendants "would be assuming the operational authority and responsibility for the College." *Id.*, at 12. Even if true, these allegations do not–on their face–establish a control of labor relations by or between the Montefiore Defendants and the College. *See e.g., Ruiz v. New Avon LLC*, 2019 WL 4601847, at *13, n.12 (S.D.N.Y. Sep. 22, 2019) (finding that press releases and company website made "no reference to Defendants' allegedly intertwined relations").

Plaintiff's arguments as to the remainder single enterprise factors fare no better. For example, Plaintiff's allegation that "his supervisor was employed by" the Montefiore Defendants fail for all the reasons articulated herein. *See* Section I., A., *supra*. Further, Plaintiff's contention that a single integrated enterprise exists because Defendants "market themselves as a single integrated enterprise" is also meritless. Dkt. 33 at 14. Moreover, it is well-established that absent a showing of meaningful participation in employment and labor decisions, allegations of

---

[3] The Opposition appears to argue, in the alternative, that if there is any factual dispute as to the Montefiore Defendants' status as "employer," that issue should be "resolved after discovery." Dkt. 33 at 9. Plaintiff cites to *Almonte v. JAM Maint. LLC,* 2023 WL 6066055, at *1 (S.D.N.Y. Sep. 18, 2023); however, *Almonte* is distinguishable because it dealt with a Motion for Summary Judgment as to employer status and, as for the motion to dismiss portion of the case, the complaint in that case pled far more detailed facts than Plaintiff's FAC. *See id.* at *3-4.

ownership status and/or operational authority alone are insufficient to deem Defendants a single integrated enterprise. *Hill v. Major League Soccer, LLC*, 2024 WL 3361216, at *6 (S.D.N.Y. July 10, 2024).[4]

Defendants' Motion should be granted because Plaintiff failed to allege facts sufficient to establish an employer-employee relationship with the Montefiore Defendants under any theory.

## II. Plaintiff's Arguments in Opposition to Defendants' Motion to Strike Lack Merit

### A. Because Plaintiff Concedes There is No Private Cause of Action for Meal and Rest Break, Such Allegations Should Be Stricken

As a preliminary matter, Plaintiff himself concedes that there is no private cause of action to prosecute meal and/or rest break claims. *See* Dkt. No. 33 at 16. Nonetheless, Plaintiff argues the meal and rest break allegations are pled in support of his overtime claims. *Id.* However, there is *no* mention whatsoever of Plaintiff's meal and rest break allegations in specific support of his overtime claim. *See* Dkt. 22 ¶¶ 73-92. Even if they had been pled as such, these allegations should be stricken because Plaintiff was compensated on a straight salary basis, such that his pay did not vary whether he worked through a meal or rest break.[5] *Id.* ¶ 25. Since Plaintiff's weekly pay salary was made in a pre-determined fixed amount, irrespective of the hours worked, any allegations that he was "denied rest and meal break," *id.* ¶¶ 42-46 are simply irrelevant and should be stricken.[6]

---

[4] Plaintiff's reliance on *Yap v. Mooncake Foods, Inc.,* 146 F. Supp. 3d 552 (S.D.N.Y. 2015) is misplaced, as the defendants in that case were restaurants–all of which shared a single website, menus, and the plaintiff received a W-2 tax form containing one of the defendants' names–despite working for another entity. *Id.*, at 559. None of those facts are present in this action.

[5] Under the FLSA and state law, a covered employee must be paid at least minimum wage. *See* 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1). The FAC specifically states Plaintiff was paid a "yearly salary of $46,000 - $50,000 (i.e., approximately a weekly salary of $885.62 - $961.54)." Dkt. No. 22 ¶ 25. Taking such allegation as true, Plaintiff earned an hourly wage of between $22.14 and $24 ($885.62 and $961.54 divided by 40 hours, respectively). *Pinovi v. FSS Enters., Inc.,* 2015 WL 4126872, at *4 (S.D.N.Y. July 8, 2015) ("The FLSA and the NYLL carry a rebuttable presumption that a weekly salary covers [] the first forty hours").

[6] Even Plaintiff could use his meal and rest break allegations in support of his overtime claims, and he cannot, they fail–as a matter of law. The FAC fails to identify the purported hours of

Thus, Defendants' Motion to Strike the meal and rest break claims should be granted.

### B. A Court May Properly Strike the FAC's Class Claims

Plaintiff takes a blanket position that Defendants' Motion is premature at this stage of the litigation. Dkt. 33 at 17-18. However, a court may grant a motion to strike class claims if they fail as a matter of law. *See Chen-Oster v. Goldman, Sachs & Co.*, 877 F.Supp.2d 113, 120 (S.D.N.Y. 2012); *Borgese v. Baby Brezza Enters.*, 2021 WL 634722, at *4 (S.D.N.Y. Feb. 18, 2021) (granting motion to strike where "it is clear from the pleadings that the certification requirements cannot be met"). Here, and for the reasons stated in Defendants' opening brief and discussed below, Plaintiff cannot maintain a class claim beyond his actual employment with the College.

Plaintiff argues that because "District Courts [should] defer Article III Standing issues until the class certification stage," Defendants' Motion should be denied. Dkt. 33 at 17-18. However, it is a well-established tenet of law that standing is a necessary condition for plaintiff's ability to prosecute a claim, including representative actions. *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006). Contrary to Plaintiff's arguments, "district courts have examined standing before addressing class certification." *Marshall v. Milberg LLP*, 2009 WL 5177975 at *7 (S.D.N.Y. Dec. 23, 2009). "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996).

---

uncompensated overtime worked as a result of Defendants' alleged failure to provide such breaks. *See* Dkt. No. 22 ¶¶ 41-46. Here, the FAC conclusory alleges that "Plaintiff and Coordinators were regularly denied rest and meal breaks." Dkt. No. 22 ¶ 42 (emphasis added); *see also id.* ¶¶ 43 (failing to specify when or how many times the meal breaks were allegedly denied) and 45 (same). Such "bare allegation[s] that 'on occasion' their meal breaks were interrupted, pushing some unspecified work weeks over forty hours" are insufficient to state a claim. *Mokrov v. Aeroflot Russian Airlines*, 2021 WL 2435801, at *4 (S.D.N.Y. June 15, 2021).

Here, the FAC specifically alleges that the College employed him from August 31, 2020, through May 31, 2022. *See* Dkt. 22 ¶ 9. Plaintiff disputes that he does not, as a matter of law, lack standing because he may act as a representative beyond that period of employment. Yet, and contrary to Plaintiff's bold assertion that Defendants' cited cases are "contrary to the great weight of authority," *see* Dkt. 33 at 18, n. 7, the Second Circuit has not specifically addressed the issue of whether a plaintiff may act as a representative beyond their period of employment. *Maddison v. Comfort Sys. USA (Syracuse), Inc.*, 2018 WL 679477, at *8 (N.D.N.Y. Feb. 1, 2018) and *Roach v. T.L. Cannon Corp.,* 2015 WL 10818750, *1 (N.D.N.Y. 2015) are both persuasive.

In *Maddison*, the federal district court for the Northern District of New York granted the defendant's Motion to Dismiss or Strike Class Allegations and held "the Plaintiff only has standing to represent the Rule 23 and FLSA Classes regarding injures that the putative class incurred [during the period of the named plaintiff's employment]." *Maddison*, 2018 WL 679477, at *8. The Court reasoned that because the named plaintiff **must** "allege and show that they personally have been injured" and because the plaintiff "cannot claim to have been injured by an underpayment made by Defendant to its employees before or after his dates of employment," the claims must be limited in scope. *Id*. In *Roach*, and relying upon Supreme Court precedent, the court imposed the same temporal limitation because "to have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents." *Roach*, 2015 WL 10818750, at *6. Thus, since the named plaintiffs were not employed by the defendant that entire time, the *Roach* Court appropriately limited the New York class to the time period the named plaintiffs worked. Here, Plaintiff cannot claim to be injured by Defendants outside the scope of his employment terms, and

8

just as in *Maddison* and *Roach*, Plaintiff cannot adequately represent the proposed class because he lacks standing outside of that period of employment.

Plaintiff cites to *Korman v. The Walking Co.*, 503 F.Supp.2d 755 (E.D. Pa. 2007), *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238 (E.D. Pa. 2012), and *Vinole v. Countrywide Home Loan, Inc.*, 571 F.3d 935 (9th Cir. 2009) in opposition. As a preliminary matter, these cases would constitute persuasive authority at best. *Noe v. Ray Realty*, 2020 WL 506459, at *3 (S.D.N.Y. Jan. 31, 2020) ("only decisions of the [U.S.] Supreme Court and Second Circuit Court of Appeals are binding on the district courts"). More importantly, neither *Korman* nor *Goode* nor *Vinole* dealt at all with a plaintiff's standing beyond their employment dates. *See Kornan*, 503 F.Supp.2d at 756-757 (allegations relating to "violations of the Fair and Accurate Credit Transactions Act of 2003"); *Goode*, 284 F.R.D. at 240 (allegations relating to the Fair Credit Reporting Act); *Vinole*, 571 F.3d at 938-939 (claims related to misclassification of employees).

Where, as here, Plaintiff lacks standing to prosecute a class claim, the Court should grant Defendant's Motion and strike all class claims in the FAC.[7] In the strict alternative, the Court

---

[7] Plaintiff argues at length that he "can and should be permitted to represent a class of current and former employees of Defendants subject to the same misclassification scheme" and that he should be permitted to engage in discovery. *See* Dkt. 33 at 19-22. Again, Plaintiff fails to understand that since he lacks standing, there is no need for continued discovery as to claims beyond his period of employment. Plaintiff's cited authority to the contrary is simply unavailing. In *Gucciardo v. Titanium Constr. Servs.*, 2017 U.S. Dist. LEXIS 109727, at *13 (S.D.N.Y. Jul. 14, 2017), Defendants sought to invoke a "unique defense" to class ascertainability based on the plaintiff's classification as an exempt employee. *Gucciardo* actually supports Defendants' position, as the District Court found that the "Named Plaintiff . . . could represent the class because he was non-exempt for at least three years . . . [and the unique defense] may [] limit his recoverable damages." *Id.* at *13-14. *Spencer v. No Parking Today, Inc.*, 2013 U.S. Dist. LEXIS 36357, at *76 (S.D.N.Y. Mar. 15, 2013) did not even address the issue at hand. Instead, *Spencer* supports Defendants' position, as it held that "barring certification . . . has generally been applied [] where a full defense is available against an individual plaintiff's action." *Id.* Lastly, *Severino v. Avondale Care Group, LLC*, 1:21cv10720, ECF No. 296 (S.D.N.Y. Sep. 20, 2023) was merely an order granting a Motion for Settlement. It did not address any substantive issue relating to standing.

should only allow Plaintiff to proceed on class/representative basis limited to his actual period of employment with the College.

## CONCLUSION

For the foregoing reasons and the reasons set forth in its moving brief, Defendants respectfully ask that the Court dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim as to the Montefiore Defendants and to grant any further and other relief this Court deems just and proper. In the strict alternative, this Court should strike Plaintiff's meal and rest break and class allegations pursuant to Federal Rule of Civil Procedure 12(f).[8]

Dated: September 10, 2024
       New York, New York                    LITTLER MENDELSON, P.C.


                                             By:/s/ *Ricardo M. Reyes*
                                                William J. Anthony, Bar No. 5064092
                                                wanthony@littler.com
                                                Ricardo M. Reyes, Bar No. 6031868
                                                rireyes@littler.com
                                                900 Third Avenue
                                                New York, NY  10022.3298
                                                Telephone:  212.583.9600
                                                Facsimile:  212.832.2719

                                             Attorneys for Defendants

---

[8] This request is made in the strict alternative. The Court need not even address this issue, as the Montefiore Defendants should be summarily dismissed because the FAC fails to sufficiently plead they were Plaintiff's "employer." *See* Dkt. No. 29 at 5-15 and Section I, *supra*.