

**Littler Mendelson, P.C.**
900 Third Avenue
New York, NY  10022.3298

Will Anthony
212.471.4404 direct
212.583.9600 main
wanthony@littler.com

April 11, 2025

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *Rinaldys Castillo v. Albert Einstein College of Medicine Inc., et al.*
              No. 1:24-cv-00984 (PAE)

Dear Judge Engelmayer:

      We represent Defendants, Albert Einstein College of Medicine Inc., Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc. (collectively, the "Defendants"), in the above-referenced matter. We submit this correspondence jointly with counsel for Plaintiff, Rinaldys Castillo ("Plaintiff"), pursuant to Your Honor's Notice of Initial Pretrial Conference and Docker Order dated March 4, 2025 (Dkt. No. 36), in advance of the Initial Pretrial Conference scheduled for April 15, 2025.

1. **<u>Brief Description and History of Case</u>**

    a. <u>Plaintiff's Position</u>:  Defendants violated the FLSA and NYLL by requiring Plaintiff and hundreds of similarly-situated employees to work overtime and then willfully failing to properly pay them for their overtime hours.  Because Defendants did not track employees' overtime, the wage statements and wage notices that Defendants provided also violated the NYLL by failing to correctly enumerate the hours worked and amounts owed.

    b. <u>Defendants' Position</u>: Defendants contend Plaintiff was properly classified as an employee exempt from federal and state law overtime requirements, and that Plaintiff was paid in compliance with the FLSA and NYLL. Defendants also contend that Plaintiff did not work more than forty hours per week, and received all proper rest and meal breaks as well as wage notices and paystubs in compliance with the FLSA and NYLL. Defendants further contend this matter is not suitable for collective or class action treatment because there are varied issues of fact and among members of the purported class including differences in the scope of their work and whether they qualify for exemptions to the federal and state overtime

        requirements. Defendants assert that any FLSA claims are properly limited to a two-year statute of limitations for Plaintiff's failure to prove willfulness. Defendants further assert that Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc., were not Plaintiff's employer.

   c. <u>Pleading and Motions History</u>: Plaintiff filed his First Amended Complaint ("FAC") on May 17, 2024 (Dkt. No. 22). Defendants moved to dismiss the FAC on July 11, 2024. (Dkt. Nos. 28-29), On March 3, 2025, this Court signed an Opinion and Order, entered on March 4, 2025, denying Defendants' motion to dismiss. (Dkt. No. 35). On March 28, 2025, Defendants filed their Answer to the FAC (Dkt. No. 41). No motions are currently pending.

2. **<u>Contemplated Motions</u>**

   a. <u>Plaintiff's Motions</u>: Plaintiffs intend to move for conditional FLSA certification and for Rule 23 certification under the NYLL, and Plaintiffs anticipate moving for summary judgment upon completion of discovery.

   b. <u>Defendants' Motions</u>: Defendants anticipate opposing any motion for conditional FLSA certification or motion for Rule 23 class certification that Plaintiff may file. If either are granted, Defendants intend to move to decertify them at the close of discovery. Defendants also anticipate filing a Motion for Summary Judgment on some or all claims upon completion of discovery.

3. **<u>Prospect for Settlement</u>**

    The parties have not engaged in settlement discussions. The parties may explore the topic of settlement as litigation proceeds but based upon the issues set forth above, the prospect of settlement is uncertain at this time.

4. **<u>Time for Discovery in the Proposed Case Management Plan</u>**

    As indicated in Section 5 of the proposed Case Management Plan, the parties respectfully request that Your Honor's standard 120 days to complete fact discovery be extended to 365 days given the nature of this matter.

   a. <u>Plaintiffs' Position</u>: Plaintiff is eager to move for conditional certification, and intends to do so within 120 days from the initial pretrial conference if discovery moves quickly. Plaintiff served his initial document requests and two identification interrogatories shortly after the Parties conducted their Rule 26 conference. Plaintiff understands that discovery in this case will involve confidential information, and Plaintiff has asked Defendants to either to agree to this District's Model Confidentiality or Protective Order or to suggest a different form of protective order, so as to avoid delay. Plaintiff does not believe that discovery should be bifurcated, as bifurcation would only prolong discovery. However,

Plaintiff agrees with Defendants that discovery in this class and collective action will take at least 365 days..

b. <u>Defendants Position</u>:  Defendants believe the Court should set a date for Plaintiffs by which Plaintiff will move for conditional certification of his FLSA claims. Defendants propose that it be filed the above-referenced motions in or around 120 days after the Initial Pretrial Conference. Prior to such motion practice, discovery should be conducted as to: (i) the named Plaintiff; (ii) joint employer issues amongst the named Defendants; and (iii) putative class or collective members with personally identifying information redacted, such as job descriptions, time records, dates of employment and salary information. Following the Court's rulings on said motions, the parties will conduct a meet and confer to address further discovery as to collective and/or class members.

We thank the Court for its attention to this matter and look forward to discussing further at the April 15, 2025, Initial Pretrial Conference.

Respectfully submitted,

*/s/ William Anthony*

Will Anthony