# EXHIBIT F

| | |
|---|---|
| **From:** | Elgndy, Sara |
| **To:** | Aghanori, Roya; Erin Kelley; Reiss, Wayne; Anthony, Will |
| **Cc:** | Jeremiah Frei-Pearson; shane@seppinnilaw.com; Panning Cui; Megan Jones; Backhouse, Denise |
| **Subject:** | RE: Castillo v. Einstein College et al - Initial Disclosures & Rule 26 |
| **Date:** | Tuesday, June 17, 2025 10:31:17 AM |
| **Attachments:** | image003.png |
| | image004.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | EinsteinAlbertCollege_Castillo Proposed Form of Production Specifications.docx |

Counsel:

We attach Defendants' proposed form of production specifications, which we believe largely comport with your proposed "Production Format" specifications. We request that you follow these specifications and unless you object, we shall produce in accordance with these specifications.

We propose that the Parties meet and confer to discuss custodians, data sources, and related search terms and parameters. If there are potential sources of data you are particularly concerned about, please let us know.

We propose that counsel continue to be available to meet and confer in good faith to discuss discovery issues. Specifically, we do not believe that the ESI order you proposed is necessary or helpful. To the extent your proposed order comports with the applicable rules there is no need for an order; to the extent it seeks to the expand the scope of rules governing discovery, we reject your proposals.

Addressing some of the items from your draft "Protocol" proposals:

We agree regarding III.3 concerning they listed types of data presumed to be not reasonably accessible. Regarding VI.4(a), we agree with the definition of privileged items that need not be logged. We are available to discuss any other aspects of your draft protocol, but please understand that Defendants find it inappropriate and excessively burdensome, and note the one-sided nature and extreme burden of many of the measures proposed.

Regarding Plaintiff's draft proposed search terms, at this time, we acknowledge receipt and once we mutually agree on scope and parameters (including data custodians, date range, and electronic communication types) we may be prepared to test them-solely for benchmarking purposes. However please note that as written, they appear grossly overbroad and not reasonably tailored to the litigation. Moreover, they will need to be revised to be run in a Relativity database, including to apply the appropriate syntax and to eliminate unsearchable items such as periods and commas--for example, as in your searches for "N. Y. Lab." or "$1,125" which would need to be reconfigured as phrases). For all these reasons, we expect that, when the time comes, the proposed searches will need substantial revisions before that can be tested.

Thank you,

**Sara Elgndy**
**Attorney at Law**
+1 212.471.4468 direct, +1 917.748.6328 mobile
900 Third Avenue, New York, NY 10022-3298
SElgndy@littler.com



Labor & Employment Law Solutions
LOCAL EVERYWHERE

**Form of Production/Load File Specifications**

*Castillo v. Albert Einstein College of Medicine Inc., et al.*
Case No. 1:24-cv-00984 (PAE) S.D.N.Y.

A.   **Production Format in General**

All documents (whether originally electronic or hard copy paper) should be produced as TIFF image files (black-and-white) and as JPEG image files (color) in electronic form on a CD-ROM (or on other removable media), or delivered via secured FTP. All production documents should be accompanied by a Concordance .DAT load file. The Concordance .DAT file should contain the following delimiters:

| Field Separator | ¶ | (ASCII:0020) |
| --- | --- | --- |
| Quote | þ | (ASCII:0254) |
| Multi-Entry Delimiter | ; | (ASCII:0059) |
| <Return> Value in Data | ® | (ASCII:0174) |

The TIFF images should be produced as single-page Group IV TIFF format with an Opticon image load file. The Opticon image load file should contain the BEGBATES value for each corresponding document and appropriate path or folder information to the corresponding images that comprise each document. Each TIFF or JPEG image should be individually Bates numbered (each party using a unique prefix of letters as appropriate, without punctuation, and each page having a unique number of at least six digits, with no separator between the letters and numbers). The Bates number must not obliterate, conceal, or interfere with any information on the produced document.

B.   **Production Format from Electronic Format**

For documents that are produced directly from electronic format, the full extracted text will be provided by a link in the main (.DAT) load file.

To the extent readily available at the time of retrieval, the following extracted data and metadata fields shall be provided in the Concordance .DAT file:

- FOR E-MAIL AND E-DOCS (REQUIRED)
    - PRODUCTION BEG NUM
    - PRODUCTION END NUM

1

- PRODUCTION BEG ATTACH[1]
- PRODUCTION END ATTACH
- CUSTODIAN[2]
- CONFIDENTIALITY DESIGNATION
- MESSAGE FROM
- MESSAGE TO
- MESSAGE CC
- MESSAGE BCC
- MESSAGE SUBJECT
- MESSAGE DATE/TIME SENT
- MESSAGE DATE/TIME SENT OFFSET
- MESSAGE DATE/TIME RECEIVED
- MESSAGE DATE/TIME RECEIVED OFFSET
- MESSAGE ATTACHMENT COUNT
- MESSAGE ATTACHMENT NAMES
- MESSAGE HAS ATTACHMENTS
- TIME ZONE OFFSET
- FILE AUTHOR
- FILE DATE CREATED
- FILE DATE CREATED OFFSET
- FILE DATE MODIFIED
- FILE DATE MODIFIED OFFSET
- FILE NAME
- FILE SIZE
- FILE EXTENSION
- ORIGINAL FOLDER NAME[3]
- PAGE COUNT
- MD5 HASH
- LINK TO NATIVE FILE[4]
- LINK TO EXTRACTED TEXT[5]

---

[1] PRODUCTION BEG ATTACH should contain the PRODUCTION BEG NUM value of an attachment's parent document. PRODUCTION BEG ATTACH for a parent document is equal to the PRODUCTION BEG NUM for the parent document.
[2] If it has been captured.
[3] Mailbox Path for E-Mails or Original Path for E-Docs
[4] Only for data being produced natively; see Section C below
[5] Extracted text will be provided at the document level – not the page level

2

- FOR SCANNED HARDCOPY DOCUMENTS
    - PRODUCTION BEG NUM
    - PRODUCTION END NUM
    - PAGE COUNT
    - LINK TO TEXT[6]

These are the only metadata fields that the parties are required to collect and produce, to the extent they are readily available at the time of retrieval.

C. **DeDuplication**

Cross-Custodian DeDuplication[7] (also known as Horizontal Duplication) will be applied to all data. Duplicate custodian name and a duplicate custodian path will be provided to memorialize the location of all deduped data.

D. **Native Production**

Where feasible, non-redacted Excel and Multi-Media files shall be produced in their native format. Select PowerPoint files may be produced natively upon request if such files contain multi-media or obscured animated content.

E. **Databases or Structured Data**

If a party is providing databases or structured data, the parties will confer to discuss the appropriate delivery format.

F. **Social Media and Web Content**

Social media and other web content shall be produced as Group IV TIFF image files (black-and-white) and JPEG image files (color) with associated metadata load files. The parties will further confer regarding the specific web pages and available metadata.

G. **Embedded Documents**

If reasonably possible, embedded documents (e.g., a spreadsheet embedded within a word processing document) will be extracted and produced as an independent document, related back to the respective top

---

[6] Extracted text will be provided at the document level – not the page level.
[7] *See The Sedona Conference Glossary: eDiscovery & Digital Information Management, Fifth Edition*, 21 SEDONA CONF. J. 263, 286 (2020).

        level parent document. Related documents will be produced within a continuous Bates range. Nothing in this paragraph will require a party to extract or produce information from an embedded or attached internet link.

    H.    **Tracked Changes and Other Hidden Content**

        To the extent that a document contains tracked changes or other hidden content, it should be imaged showing tracked changes or other hidden content.