UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RINALDYS CASTILLO, *individually and on behalf of all others similarly situated*,

                        Plaintiff,

-v-

ALBERT EINSTEIN COLLEGE OF MEDICINE INC., *et al.*,

                        Defendants.

24 Civ. 984

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      This order resolves a discovery dispute between plaintiff Rinaldys Castillo and Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc. (collectively, the "Montefiore defendants") and the Albert Einstein College of Medicine. Castillo, on behalf of a putative class and collective, seeks, *inter alia*, overtime compensation, unpaid wages, and wage statements under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 190, 650 *et seq.* The parties have engaged in preliminary discovery in anticipation of Castillo's motion for conditional class certification due August 15, 2025. Dkt. 48. Fact discovery is due to end February 18, 2026. *Id.*

      Before the Court is plaintiff's June 14, 2025 letter-motion to compel (1) defendants' responses to plaintiff's proposed Electronically Stored Information ("ESI") protocol, (2) a complete list of potential custodians involved in the matter, (3) database search results for plaintiff's proposed search terms, and (4) identification of the systems, applications, or devices used to communicate about or track putative class members' work and schedules. Dkt. 51 ("Pl.

Ltr"). On June 20, 2025, defendants filed a response. Dkt. 52 ("Def. Ltr."). For the reasons that follow, the Court grants plaintiff's requests.

## I. Background

The Court assumes familiarity with the background of this case. Briefly, Castillo was employed with defendants as a research coordinator between August 31, 2020, and May 31, 2022. Dkt. 22 ("AC") ¶ 25. Castillo alleges that he, and members of the putative class and collective, have regularly worked in excess of 40 hours per week and, as employees within the meaning of the FLSA and NYLL, are entitled to overtime pay. *Id.* ¶¶ 3, 28. He also alleges that defendants failed to pay him and the putative class and collective members timely wages or provide wage statements as required under the NYLL. *Id.* ¶¶ 34, 42, 47.

On July 11, 2024, defendants moved to dismiss on the ground that the Montefiore defendants do not qualify as "employers" under the FLSA and NYLL. Dkt. 29. On March 4, 2025, after full briefing, the Court denied the motion, finding that the AC adequately pled that each defendant collectively exercised control over the conditions of plaintiff's employment, and therefore qualified as joint employers under the relevant statutes. Dkt. 35.

## II. Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, *inter alia*, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,*

437 U.S. 340, 351 (1978). The party seeking discovery bears the burden of demonstrating its relevance. *See Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 363 (S.D.N.Y. 2010). "[R]elevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004). Once relevance has been shown, it is up to the responding party to justify curtailing discovery—for instance, based on undue burden. *See id.* at 106; *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 Civ. 9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense."). District courts are vested with "wide discretion in [the] handling of pre-trial discovery." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003).

At issue here are four categories of information whose production plaintiff seeks from defendants: (1) responses to plaintiff's proposed ESI protocol, (2) a complete list of potential custodians involved in the matter, (3) database search results for plaintiff's proposed search terms, and (4) identification of all systems, applications, or devices used to communicate about or track putative class members' work and schedules. The Court addresses these in turn.

***ESI protocol:*** Plaintiff represents that, on June 5, 2025, it sent defendants a draft ESI protocol and proposed search terms. Pl. Ltr. at 1. Defendants, according to plaintiff, neither agreed to plaintiff's proposals nor returned redlines. *Id.* Plaintiffs thus asks the Court to issue an order that either enters plaintiff's proposed ESI protocol or orders defendants to return redlines by a date certain, and to confer within two days after to resolve or narrow any outstanding disputes. *Id.* at 3.

The defense responds that it never objected to producing ESI in this case, Def. Ltr. at 3, but that plaintiff's proposed protocol would impose "massive, one-sided burdens on Defendants

3

out of all proportionate needs of this case," *id.* at 2. The defense does not provide examples of, or otherwise explain, how this is so.

The Court has reviewed plaintiff's proposed ESI protocol, *see* Dkt. 51, Ex. 8, and concludes that it appears both reasonable and proportionate to the needs of the case. Plaintiff identifies several categories of ESI that "contain information relevant to the Parties' claims or defenses or is discoverable in this matter" and that are "most likely to result in the production of information relevant to the issues in the case." *Id.* ¶¶ 4, 6. Plaintiff, for example, identifies "personal email accounts," "electronic devi[c]es," and "profiles on online platforms" as examples of such. *Id.* ¶ 6.

The Court is unconvinced that, were the proposed protocol adopted, the resulting burden on defendants would be unreasonable or unduly burdensome. Nevertheless, in the interest of due care, the Court permits defendants to return redlines to plaintiff by Wednesday, July 3, 2025, in which defendants, working with plaintiff's proposed protocols, may propose modest tailoring of these. The parties are to meet and confer in good faith on a mutually agreeable date no later than three (non-holiday) business days after the redlines are returned, with the goal of reaching final agreement on these protocols. The Court expects to promptly so-order the jointly proposed ESI protocols, which are to be submitted no later than July 10, 2025.

***List of custodians and organizational chart:*** Plaintiff moves to compel responses to its Requests for Production ("RFPs") Nos. 11–12 seeking a "complete list of potential custodians," or individuals responsible for establishing the rate and basis for the putative collective and class members' pay, and organizational charts depicting such. Pl. Ltr. at 3. Plaintiff represents that defendants merely directed plaintiff to defendants' website, which lists certain individuals

4

employed by defendants. *Id.* at 1–2. Defendants also allegedly provided a list of potential custodians that was incomplete in that it included only Castillo and his immediate supervisor.

Defendants argue the request is moot because the website that was provided "includes precisely th[e] information" plaintiff seeks. Def. Ltr. at 3. Defendants also represent that they further provided plaintiff with the names of each research coordinator's supervisor and an organizational chart. *Id.* Plaintiff, however, claims that a "list of putative class members and their immediate supervisors would be insufficient for Plaintiff to fully identify custodians." Pl. Ltr. at 2 (capitalization altered).

The Court finds that the information plaintiff seeks is plainly relevant and discoverable. *See Condit*, 225 F.R.D. at 105. And merely referring plaintiff to its current website is not an acceptable solution, for a host of reasons, including that the website may reflect extraneous and irrelevant information, and because the information on it may not adequately capture the information sought for the period of Castillo's alleged employment. And plaintiffs are entitled to have defendants commit to answers to these specific demands in the usual matter: by production of a document in which defendants, through their counsel, can attest to those answers. Defendants are ordered to produce, by no later than July 10, 2025, a *complete* list of custodians—those individuals responsible for establishing the rate of, and basis for, pay for plaintiff and the putative class members—and to provide an organizational chart that includes these persons and any others who may qualify as immediate supervisors of plaintiffs and the putative class members. Defendants represent that "responsibility for determining the basis and amount of the [re]search and study coordinators' pay lies with ECM's HR department and the individual program supervisors, based on the needs and funding levels of each individual research program." Def. Ltr. at 3 (capitalization altered). If so, it follows that defendants' list of

potential custodians to plaintiff and organizational chart should comprehensively identify these persons.

***Search term results:*** Plaintiff asks that defendants produce the results of an internal database search of terms proposed by plaintiff, and to share the "hit count" for each term. Pl. Ltr. at 3. Defendants claim that such request is premature insofar as the search terms are currently "under party negotiation." Def. Ltr. at 3.

Upon reviewing plaintiff's proposed search terms, *see* Dkt. 51, Ex. 9, the Court concludes that such appear reasonable and proportionate to the needs of the case, at least for the purpose of running initial searches, the "hits" on which will enable the parties to assess the utility and viability of these search terms. Once the parties agree on custodians, the Court thus orders defendants to run searches using the proposed search terms to plaintiff, and to fully disclose to plaintiff the hits, by custodian, of each term. To the event that the results for a particular search term yield results suggesting that use of the term would generate disproportionate false positives or that its use would be otherwise be burdensome or unhelpful, the Court directs the parties to meet and confer promptly and in good faith with an eye towards agreement on a revised search term.

***Systems identification:*** Plaintiff, finally, moves to compel a response to Interrogatory No. 2, which requires defendants to "[i]dentify all persons who are or were knowledgeable about the systems, applications, devices, or methods identified in response to Interrogatory No. 1, including their name, job title, dates of employment, and a brief description of their knowledge or responsibilities related to those systems or methods." Dkt. 51, Ex. 2. Interrogatory No. 1, by way of reference, requires defendants to identify and describe systems, applications, devices, or methods "that were used, or available for use, or accessible by Plaintiff or members of the

6

putative class that may contain, reflect, or generate any information from which the time they began or ended work could be inferred—regardless of whether such system or method was intended to track time worked." *Id.*

Defendants argue the request is moot because it already produced such information to plaintiff. Defendants represent that the "HR department, coupled with each of the putative class and collective members' supervisors," are the "best sources of such information," and that they "have already been identified to plaintiff." Def. Ltr. at 3. Defendants also claim the request is overbroad insofar as the request captures systems "regardless of whether such system or method was intended to track time worked." *Id.*

Plaintiff's request is appropriate. It seeks information relevant and proportional to the needs of the case and apt to helpfully guide future discovery requests. And plaintiffs' request is not moot, because identifying the person who (*i.e.*, in defendants' telling) can supply the "best" sources of particular information will not identify all sources of that information. And plaintiffs' information request is not overbroad. Top-level information about systems that track time worked, regardless whether the "system or method was *intended* to track time worked," *id.* (emphasis added), is relevant and proportionate to the needs of the case, *see Lindsey v. Butler*, No. 11 Civ. 9102, 2017 WL 4157362, at *4 (S.D.N.Y. Sept. 18, 2017) (requests for information that provide context surrounding the relevant incident "falls squarely within the scope of discovery"). Such information is discoverable, and defendants are ordered to produce it.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket 51.

7

SO ORDERED.

                                                           *Paul A. Engelmayer*
                                                           PAUL A. ENGELMAYER
                                                           United States District Judge

Dated: June 30, 2025
       New York, New York