**FBFG** | **Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

September 12, 2025

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re: *Castillo et al v. Albert Einstein College of Medicine Inc. et al*, No. 1:24-cv-0984

Dear Judge Engelmayer,

We represent Plaintiff in the above-titled action. Pursuant to Your Honor's Rule 2(C), Plaintiff respectfully requests the Court to compel Defendants to identify the systems within their possession, custody, or control, which they have failed to do despite the Court's order. *See* ECF No. 63.[1] In the alternative, Plaintiff respectfully requests leave to file a motion to compel. The parties met and conferred regarding these disputes via written correspondence, and multiple teleconferences, but we were unable to resolve the issue.

Defendants' July 30 letter did not comply with the Court's directive. *See* Ex. 1. The Court ordered Defendants to thoroughly explain their process for determining that there were no Montefiore systems containing responsive discovery. *See* ECF Nos. 63–64. Defendants stated that they consulted with IT personnel and made an "educated determination" of which of the thousands of systems within the Montefiore Defendants' possession, custody, or control were "most likely" to have been used by putative class members. That explanation falls short of the Court's order. Unfortunately, Defendants do not appear to have attempted to find a reliable or complete account of which systems were actually used by putative class members.

During the conferrals Defendants further suggested it would be too burdensome or impossible to do anything other than consult with the IT Department to determine what systems putative class members used. Plaintiff explained that Defendants' stated methodology was inadequate and a reasonable methodology must exist. Plaintiff pointed out that Defendants' reliance on IT personnel's general impressions—without identifying the actual systems that putative class members were expected or required to use—was insufficient and, in Plaintiff's view, did not comply with the Court's directives.

Defendants would have Plaintiff believe that it does not know, in fact, what systems its own employees use, and it is too burdensome to find out. But this cannot be. As Plaintiff explained during the

---

[1] Plaintiff asked Defendants to identify all systems used by putative class members prior to the onset of discovery, and Plaintiff has repeatedly sought this information in discovery. Before the Court ordered Defendants to write the letter about systems, ECF No. 63, the Court also ordered Defendants to identify all systems used by class members. *See* 53. Defendants have not complied with either order.

conferrals, when new employees start working for Defendants, their employers (almost certainly not the IT department) doubtless tell the employees what systems they should use to fulfill their job responsibilities. Defendants should be able to identify those systems. Simply put, Defendants plainly must know what systems their own employees need to perform their jobs. In similar cases, Defendants routinely provide this information without requiring court involvement. *See, e.g., Villalpando v. Exel Direct Inc.*, Nos. 12-4137, 13-3091, 2016 WL 1598663 (N.D. Cal. Apr. 21 2016) (where various records—*e.g.*, driver dispatch records, driver daily logs, and other reports—were relied upon); *Smith v. Family Video Movie Club, Inc.*, No. 11-1773, 2015 U.S. Dist. LEXIS 43325 (N.D. Ill. Mar. 31, 2015) (unpaid overtime case where records from various systems were produced and analyzed—*e.g.*, interrogatory response, deposition transcripts, point of sales records, and deposit slips); *Bernstein v. Virgin America, Inc.*, 365 F. Supp. 3d 980 (N.D. Cal. 2019) *Collinge v. IntelliQuick Delivery, Inc.*, No. 12-0824, 2018 U.S. Dist. LEXIS 219077 (D. Ariz. Jan. 7, 2018) (unpaid overtime case where records from various systems were produced and analyzed —*e.g.*, event timestamps on driver work logs, delivery times, due times, and stop times).

As Defendants have done previously,[2] Defendants also attempted to shift the burden to Plaintiff, stating that if Plaintiff believed other systems were relevant, Plaintiff should identify them. But the obligation rests with Defendants, not Plaintiff, to identify the systems within their possession, custody, or control that may contain responsive information.

Despite repeated conferrals, Defendants have not remedied these deficiencies. Their approach leaves unresolved whether additional systems exist that were used by putative class members and fails to comply with the Court's clear directive. Plaintiff, therefore, respectfully requests that the Court compel Defendants to (i) identify the systems within their possession, custody, or control that were used or accessible to putative class members; (ii) explain, with specificity, the process by which those systems were identified, as previously ordered; and (iii) do more than meet with the IT Department. Alternatively, Plaintiff respectfully requests leave to file a motion to compel.

\*   \*   \*

We thank Your Honor for your continued attention to this case.

---

[2] During the June 3 meet and confer, when Plaintiff asked Defendants why it had not identified any systems in response to Plaintiff's discovery request, Defendants retorted that Plaintiff had not identified any systems. Mr. Castillo since then has identified systems he used, through document requests requesting information related to those systems. To date, Plaintiff has identified more of Defendants' systems than Defendants.

Dated: September 12, 2025
      White Plains, New York

Sincerely,

By:    /s/ *Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
Erin Kelley
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
jfrei-pearson@fbfglaw.com
ekelley@fbfglaw.com

*Attorneys for Plaintiff and the Putative Class*

CC: All Counsel of Records via ECF

The Court is in receipt of plaintiff's letter. Pursuant to the Court's individual rules, defendants' response, if any, is due September 17, 2025. *See* Individual Rule 2(C).

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: September 15, 2025
New York, New York

3