UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RINALDYS CASTILLO, *individually and on behalf of all others similarly situated*,

                              Plaintiffs,

-v-

ALBERT EINSTEIN COLLEGE OF MEDICINE INC., *et al.*,

                              Defendants.

24 Civ. 984 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a discovery dispute between plaintiffs Rinaldys Castillo et al. ("Castillo") and the Albert Einstein College of Medicine (the "College"), Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc. (collectively, the "Montefiore defendants"). Castillo, on behalf of a putative class and collective, seeks, *inter alia*, overtime compensation, unpaid wages, and wage statements under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), §§ 190, 650 *et seq*. The parties have engaged in preliminary discovery in anticipation of Castillo's motion for conditional class certification, which is due November 24, 2025. Dkt. 63. Fact discovery ends on February 18, 2026. Dkt. 48.

The relevant procedural history is as follows. On June 14, 2025, Castillo filed a letter asking the Court, *inter alia*, to require defendants to "identify[] all systems, applications, or devices used to communicate about or track putative Class Members' work and schedules— whether electronic, manual, or otherwise." Dkt. 51. On June 30, 2025, the Court granted this request. Dkt. 53. On July 23, 2025, the Court held a conference to address a discovery dispute,

in the course of which the Court noted that a proposed protocol provided for Electronically Stored Information (ESI) to be produced by the College, but not the Montefiore, defendants. Dkt. 64. The Court directed defendants to conduct a "boil-the-ocean review that would satisfy any reasonable person that Montefiore doesn't have records on [the plaintiffs]." *Id.* The Court also stated its "hope [that] there won't be a discovery dispute on this point" and its expectation that a "thorough" report by defendants on their findings would resolve the issue. *Id.*

On July 30, 2025, counsel for defendants sent a letter to counsel for Castillo, describing the further steps the defense, in response to the Court's order, had taken to review Montefiore's systems to determine whether it held records of members of the putative class and collective. On September 12, 2025, Castillo filed a letter with the Court, claiming that defendants' steps "did not comply with the Court's directive," and asking the Court to compel defendants to identify the "systems within their possession, custody, or control." Dkt. 66, Ex. 1. On September 17, 2025, defendants responded. Dkt. 68.

For the reasons stated in defendants' response, the Court finds that defendants have complied with the Court's order. Defendants have detailed their process for identifying the relevant systems, listed the systems that they searched, and summarized the results of those searches. *See* Dkt. 66, Ex. 1. Based on these representations, the Court finds that defendants have provided sufficient "disclosures based on extensive, diligent searches." Dkt. 68. No more searches to this end need be undertaken. The Court therefore denies Castillo's request to compel additional searches of the Montefiore defendants' systems.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 24, 2025
       New York, New York

3