**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

November 21, 2025

BY ECF
Hon. Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re:    *Castillo et al v. Albert Einstein College of Medicine Inc. et al*, No. 1:24-cv-0984

Dear Judge Engelmayer,

Pursuant to Your Honor's Individual Rules and Practices, the Local Rules of the Southern District of New York, and the Southern District's Electronic Case Filing Rules & Instructions § 6, Plaintiff Rinaldys Castillo respectfully submits this request to electronically file under seal the exhibits attached to Jeremiah Frei-Pearson's declaration in support of his conditional certification motion.[1]

In accordance with the above-referenced Rules, the above referenced documents shall be contemporaneously electronically filed under seal alongside this motion.

Although there is a presumption of public access to judicial documents, Federal Rule of Civil Procedure 26(c) authorizes district courts, upon a showing of good cause, to "require that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs." Fed. R. Civ. P. 26(c)(1)(H). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations and alterations omitted). These "countervailing factors include but are not limited to . . . the privacy interests of those resisting disclosure." *Id.* (internal quotations omitted).

Here, Defendants have designated some of the materials included as exhibits as Confidential. This request is narrowly tailored in that it relates only identifying information for individuals who are affected by this lawsuit. Plaintiffs take no position for the purpose of this filing as to whether these materials were properly designated by Defendants and reserve all rights to challenge any such designation.

Based on the foregoing, Plaintiff respectfully requests that:  the Court grant Plaintiff leave to electronically file the above referenced documents under seal.

---

[1] Plaintiff refiles this motion to seal, in light of the Court's recent endorsement. ECF No. 82. Plaintiff filed the motions to seal in connection with his motion for certification. ECF No. 74. The Court's endorsement concerned the second-filed motion (ECF No. 77), which Plaintiff intended as a request for leave to file, under seal in their entirety, materials designated as confidential by Defendants. Plaintiff did not intend to request permission to file redacted versions of those documents. Plaintiff now files this new motion to seal, which accurately reflects the relief sought, in place of the previously filed motion at ECF No. 77.

Dated: November 21, 2025
      White Plains, New York

Respectfully submitted,

By:    /s/ Jeremiah Frei-Pearson
      Jeremiah Frei-Pearson
      Erin Kelley
      **FINKELSTEIN, BLANKINSHIP,**
      **FREI-PEARSON & GARBER, LLP**
      1 North Broadway, Suite 900
      White Plains, New York 10601
      Tel: (914) 298-3281
      Fax: (914) 824-1561
      jfrei-pearson@fbfglaw.com
      ekelley@fbfglaw.com

      Shane Seppinni
      Megan Jones
      **SEPPINNI LAW**
      40 Broad St., 7th Fl.
      New York, NY 10004
      Tel: (212) 859-5085
      shane@seppinnilaw.com
      megan@seppinnilaw.com

      *Attorneys for Plaintiff and the Putative Collective*

DENIED. The Court has reviewed the exhibits attached to Jeremiah Frei-Pearson's declaration in support of the motion for class certification, which plaintiff seeks leave to file under seal. The Court has found that, contrary to plaintiff's representation in this letter motion, many of those exhibits do not contain "identifying information for individuals who are affected by this lawsuit." The Court grants plaintiff leave to refile a motion to seal that is more narrowly tailored. Per the Court's Individual Rules, any such motion should state with particularity the reason(s) for sealing, without disclosing confidential information, and only seek to seal those exhibits to which such reason(s) apply.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: December 1, 2025
New York, New York

2