| **Finkelstein, Blankinship,**
**Frei-Pearson & Garber, LLP**

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

January 22, 2026

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
40 Foley Square
New York, NY 10007

Re:   *Castillo et al v. Albert Einstein College of Medicine Inc. et al, No. 1:24-cv-0984*
**LETTER MOTION TO SUPPLEMENT THE RECORD AND TO PARTIALLY
REDACT DECLARATION**

Dear Judge Engelmayer,

Under Local Civil Rule 7.1(e) and Your Honor's Individual Rule 3(I), Plaintiff respectfully moves to supplement the record with the attached declaration of Declarant (Exhibit 1) (hereinafter the "Declaration"), one of Defendants' former employees who is similarly situated to Plaintiff, as supplemental authority in support of Plaintiff's Motion for Conditional Certification. ECF No. 74.

In connection with this motion, and in accordance with Your Honor's Rule 4(B)(2) Plaintiff respectfully asks for leave to redact the name of Declarant and, by doing so, designating the name of the Declarant as Attorneys' Eyes Only under the draft Protective Order.[1]

On January 13, 2026, the counsel for the Parties met and conferred in good faith on these two issues and were not able to reach agreement on (1) whether supplemental authority is permitted and (2) whether Declarant's identity may be redacted and designated as Attorneys Eyes Only.

**The Supplemental Declaration Should Be
Permitted As It Is Not Unduly Prejudicial And Highly Relevant**

Courts routinely grant motions to supplement the record in connection with conditional certification motions, so long as the motion is not unduly prejudicial and the supplementation is relevant. *See Sharma v. Burberry Ltd.*, 52 F.Supp 3d 443, 455 (allowing plaintiff to supplement the record with a declaration obtained after plaintiff moved for conditional certification);

---

[1] The Parties have agreed to maintain the confidentiality of any documents designated as confidential while they continue to negotiate the exact terms of the protective order. Under Plaintiff's version of the Protective Order, Attorneys Eyes' Only information can be viewed by the Court and counsel for the Parties but cannot be shared with the Parties themselves or with the general public. Plaintiff is optimistic that the Parties will finalize the Protective Order soon after receiving the Court's guidance on this motion.

1

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

*Drummond v. Hartford Fire Ins. Co.*, No. 14-cv-1837, 2015 U.S. Dist. LEXIS 85216, at *6–7 (D. Conn. July 1, 2015) (same).

Here, there is no possible indication that the additional declaration is unduly prejudicial to Defendants or constitutes a delay tactic. Plaintiff, in an effort to provide Defendants adequate time to respond to the additional declaration, provided Defendants' counsel the declaration by email on December 23, 2025, just two business days after the declaration was executed on December 19, 2025.

Moreover, Defendants have not yet filed their Opposition. Under current deadlines, Defendants have until January 27, 2026, to respond to the motion for conditional certification, over one month after being provided the declaration. Furthermore, Plaintiff has made clear to Defendants that Plaintiff would be agreeable to a reasonable extension of that deadline if the Declaration caused Defendant to need additional time. Defendants have not asked for or proposed any extension of the deadline. Instead, they simply object that the Declaration is improper.

Of course, Plaintiff could not have included the Declaration in his initial moving papers because Declarant only contacted Plaintiff's counsel after Plaintiff moved for conditional certification.

The Declaration is also highly relevant. It provides the testimony of another of Defendants' employees who experienced the same policies and practices as Plaintiff. Namely that Declarant, like Plaintiff, had little discretion, and that Defendants also required him to work more than 40 hours per week and did not pay him overtime. Ex. 1 at ¶ 4, 6. Further, Declarant's testimony provides additional support, as Declarant testified that he worked alongside other Study Coordinators and that his fellow Study Coordinators had similar job duties and functions and worked similar schedules and that Defendants, to his knowledge, did not pay any of them overtime. *Id.* at ¶ 6-9, 12.

Plaintiff respectfully requests that the Court grant the motion to supplement the record as the Declaration is not unduly prejudicial and is highly relevant.

## The Redaction Of Declarant's Identity Is
## Narrowly Tailored To Protect Important Privacy Interests

In determining "whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure." *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 Fed. Appx. 37, 39 (2d. Cir. 2012). And "[t]he decision to seal the record is one best left to the sound discretion of the trial court[.]" *Id.* (internal quotations omitted). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d. Cir. 2006) (internal quotations omitted).

Here the privacy interest is strong.[2] The Declarant, a putative class member, has made clear to Plaintiff's counsel that he desires his name to be redacted from the public docket at

---

[2] In additionally to Declarant's privacy concerns, other potential witnesses are preparing applications to medical schools, including Defendant Albert Einstein College of Medicine. These other potential witnesses have been unwilling to come forward for fear of blacklisting in the

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

ONE NORTH BROADWAY, SUITE 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

this time. The Declarant is a former employee of Defendants and continues to work in the same industry, including owning and running his own small medical research firm, which is a direct competitor of Defendants, in the same metropolitan area as Defendants. As a result, Declarant has legitimate fears that public disclosure of his identity in connection with a lawsuit against a former employer could have negative career consequences, including blacklisting within the industry. Courts have kept the identities of deponents confidential on an attorneys' eyes only basis for similar concerns of former employees who "face a well-grounded fear of being blacklisted within the . . . industry for speaking out about the conduct they witnessed while employed by [Defendant]." *See, e.g., Mesrole et al. v. Sony Corp. of Am., Inc. et al*, No. 08-8987, ECF No. 45 at 2 (S.D.N.Y. Jan. 5, 2010).

Furthermore, the proposed redactions are minor and narrowly tailored, affecting only the name of the declarant, which appears just three times in his declaration. And the Declarant is not a party to the case. Courts have found that "[t]he public's interest in knowing who is prosecuting or defending a civil suit is substantially greater than its interest in knowing the identity of a witness." *Manasco v. Best in Town, Inc.*, No. 21-00381, 2022 U.S. Dist. LEXIS 47609, at *8 (N.D. Ala. Mar. 17, 2022).

Furthermore, the Declarant is a putative class member and courts have recognized that putative class members have legitimate privacy interests. *See e.g., Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 556 (S.D.N.Y. 2013) (limiting disclosure of putative class member employee names to attorneys eyes only in pre-class certification discovery context).

As a result of these concerns, and in light of the important privacy interests involved, Declarant has advised Plaintiff's counsel that he wishes his identity to be redacted from his declaration at this time.

Plaintiff appreciates Your Honor's attention to this matter.

Dated: January 22, 2026

Respectfully,

By:    */s/ Jeremiah Frei-Pearson*
Jeremiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3284
jfrei-pearson@FBFGLaw.com

The Court has received plaintiff's letter motion. Any opposition, not to exceed three pages, is due January 27, 2026.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Date: January 23, 2026
New York, New York

---

medical school application. In order to encourage individuals to come forward as witnesses Plaintiff respectfully requests leave to redact the identity of declarants.

3