UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RINALDYS CASTILLO,
*individually and on behalf of all others similar situated*,

                          Plaintiff,                          24 Civ. 984 (PAE)

            -v-                                               ORDER

ALBERT EINSTEIN COLLEGE OF MEDICINE INC.
*et al.*,

                          Defendants.

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Rinaldys Castillo has moved for conditional certification of a proposed

collective of similarly situated former or current employees of defendants Albert Einstein

College of Medicine Inc., Montefiore Health Systems, Inc., Montefiore Medical Center, and

Montefiore Medicine Academic Health System, Inc.[1]  Dkt. 79.  The Amended Complaint alleges

that defendants declined to compensate Castillo and similarly situated employees for hours

worked in excess of 40 hours per week, in violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 201 *et seq*.  Dkt. 22 ("AC").

On January 22, 2026, Castillo moved to supplement his conditional certification motion

with the declaration of defendants' former employee, and to redact the name of the declarant and

designate it as attorneys' eyes only under a draft protective order.  Dkt. 90 ("Mot.").  On

January 27, 2026, defendants opposed.  Dkt. 99 ("Opp'n").

---

[1] On January 27, 2026, defendants opposed the motion for conditional certification.  Dkt. 93.
Castillo's reply is due February 10, 2026.  Dkt. 89.

1

I.        **Request to Supplement the Record**

Castillo proposes to supplement the record with an additional declaration in support of his motion for conditional certification.  He argues that there is no undue delay or prejudice to defendants because the declarant contacted Castillo's counsel after the motion for conditional certification was filed, and Castillo provided defense counsel with the declaration two days after it was executed and several weeks before the deadline for defendants' opposition to conditional certification.  Mot. at 2.

Defendants object to the supplemental declaration on the ground that it is irrelevant. They argue that, because the declarant stopped working for defendants in 2021, his FLSA claims are time-barred such that he could not be part of the proposed collective.  Opp'n at 1. Defendants argue that the declarant's testimony is irrelevant because he can only testify to matters that occurred "well before" the relevant FLSA period, which they contend began—at the earliest—in August 2022.  *Id.* at 2.

Defendants are wrong.  Courts routinely consider declarations from employees with time-barred claims on motions for conditional certification, recognizing that such allegations are "probative of employers' wage and hour practices" because "they may corroborate the claims of more recent violations."[2]  *Lazaar v. Anthem Cos., Inc.*, 678 F. Supp. 3d 434, 441 (S.D.N.Y. 2023) (citation omitted); *see also Lujan v. Cabana Mgmt., Inc.*, No. 10 Civ. 755, 2011 WL 684618, at *3 (E.D.N.Y. Feb. 16, 2011) ("time-barred allegations may carry less weight on a motion for conditional certification, but they are not a nullity: they are probative of defendants'

---

[2] *Son v. Hand Hospitality*, 768 F. Supp. 3d 526 (S.D.N.Y. 2025) is not to the contrary.  The Court there found that a time-barred declaration had "little relevance," *id.* at 542, but did not decline to consider it altogether, as defendants ask the Court do here.

compensation practices"). Accordingly, the Court will consider the supplemental declaration for the purpose of evaluating Castillo's motion for conditional certification. *See, e.g.*, *Burgard v. Int'l Bus. Machines Corp.*, No. 24 Civ. 2885, 2025 WL 785023, at *3 n.3 (S.D.N.Y. Mar. 12, 2025) (considering declarations of employee whose FLSA claims were purportedly time-barred); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 516 (E.D.N.Y. 2011) (same); *Cohan v. Columbia Sussex Mgmt., LLC*, No. 12 Civ. 3203, 2013 WL 8367807, at *5 n.2 (E.D.N.Y. Sept. 19, 2013) (same), *aff'd*, No. 12 Civ. 3203, 2016 WL 1045532 (E.D.N.Y. Mar. 15, 2016).[3]

## II.     Request to Redact the Declarant's Name

Castillo argues that redaction of the declarant's identity is necessary to protect the declarant's privacy interests. Castillo states that the declarant "continues to work in the same industry" as defendants, "including owning and running his own small medical research firm, which is a direct competitor." Mot. at 2–3. Castillo states that the declarant fears that disclosure of his identity could "have negative career consequences, including blacklisting within the industry." *Id.* at 3. Accordingly, Castillo seeks to designate the declarant's name as attorneys' eyes only under a draft protective order. *Id.* at 1.

Defendants counter that redaction is not justified by fear of professional harm, and that designating the declarant's identity as attorney's eyes only would hamstring the defense by preventing defense counsel from presenting the declaration to their clients and conducting an effective cross-examination of the witness. Opp'n at 2–3.

---

[3] To the extent defendants deem it necessary to revise their opposition to conditional certification based on the supplemental declaration, the Court is amenable to a request for leave to amend to afford defendants an opportunity to do so.

The Court finds redaction of the declarant's identity is proper, but not on an attorneys' eyes only basis.  "A redaction will be approved only if it is narrowly tailored to the interest that justifies the redaction."  *Sylvania v. Ledvance LLC*, No. 20 Civ. 9858, 2021 WL 412241, at \*2 (S.D.N.Y. Feb. 5, 2021) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)).  The interest that justifies redaction—Castillo's fear of negative career consequences—supports redaction of Castillo's name on the public docket of this case, but it does not justify withholding his identity from defendants.[4]  Defendants are former employers, not future employers who might decline to hire the declarant based on his participation in this lawsuit. Defendants may have insights to offer based on knowledge of the identity of the declarant.  It would disadvantage the defense not to be able to obtain such information, or conduct ensuing factfinding related to the declarant's employment period, position, duties, and hours.  Such facts could be used to attack the declarant's credibility and strengthen defendants' opposition to conditional certification.

Accordingly, the Court finds redaction of the declarant's name permissible, but that his name must be disclosed to all parties in this litigation.  Castillo is directed to file a redacted version of the declaration on the docket and an unredacted version under seal, with access restricted to the parties and the Court.

---

[4] Defendants argue that fear of reputational or employment harm "is an insufficient justification for anonymity."  Opp'n at 3.  But the cases on which defendants rely concerned requests for *plaintiffs* to proceed anonymously, and thus implicated the requirement that a complaint must "name all the parties," Fed. R. Civ. P. 10(a), which "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly," *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015) (quoting *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 188–89 (2d Cir. 2008)), *aff'd*, 672 F. App'x 48 (2d Cir. 2016).  Castillo's request, related to the identity of a nonparty, does not implicate that "strong presumption of public access."  *Doe v. Mount Sinai Hosp.*, No. 25 Civ. 6171, 2025 WL 2958880, at \*1 (S.D.N.Y. Oct. 16, 2025).

**CONCLUSION**

For the above reasons, the Court grants Castillo's motion in part.  Castillo may supplement the record with the additional declaration and file a version of such declaration with the name of the declarant redacted.  Castillo may not, however, designate the declarant's identity as attorney's eyes only.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 90.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 2, 2026
       New York, New York

5