UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RINALDYS CASTILLO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>       -against-<br><br>ALBERT EINSTEIN COLLEGE OF MEDICINE INC., MONTEFIORE HEALTH SYSTEMS, INC., MONTEFIORE MEDICAL CENTER, and MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC.,<br><br>       Defendants. | Case No. 24-cv-00984 |

**DEFENDANTS' SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION**

**LITTLER MENDELSON, P.C.**

William J. Anthony
Denise Backhouse
Roya Aghanori
Sara Elgndy
900 Third Avenue
New York, New York 10022.3298
wanthony@littler.com
dbackhouse@littler.com
raghanori@littler.com
selgndy@littler.com
Telephone: 212.583.9600

Pursuant to the Court's February 17, 2026 Order, Defendants respectfully submit this supplemental opposition to Plaintiff's conditional certification motion.

**SUPPLEMENTAL ARGUMENT**

To warrant certification, Plaintiff had to factually demonstrate that he and the College's other Study and Research Coordinators (collectively, "Study Coordinators") "are similarly situated with respect to their job requirements . . . ." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). After all, where employees perform varying exempt and non-exempt job duties, "there is no factual nexus between the collective action members' situations, and conditional certification is not appropriate." *Romero v. H.B. Auto Grp., Inc.*, No. 11-cv-386, 2012 WL 1514810, at *12 (S.D.N.Y. May 1, 2012); *see also* Doc. 93 at 25-26 & n.15 (collecting cases).[1]

Plaintiff failed to make such a showing. Instead, he offered five of the 290 Study Coordinator job descriptions at issue, along with his own declaration that based on his "personal observations" and "conversations with coworkers," he believes the Study Coordinators "shared the same job duties, work schedules and pay practices." Doc. 90-1, ¶ 12. But as Defendants demonstrated in their opposition, the five job descriptions offered by Plaintiff are not representative of the 285 other Study Coordinator positions at issue. *Compare* Docs. 87-5 to 87-10 *with* Docs. 94-2 to 94-52. Moreover, Plaintiff's declaration testimony is also "insufficient to establish that others are similarly situated"[2] because he testified during his deposition that he never personally observed the duties performed by other Study Coordinators and can only speculate about the duties they may have performed based on "passing conversations" that never specifically involved discussions "about hours or work." Doc. 94-52, 53:21-57:13, 31:12-23.

---

[1] Page references are to those assigned by the Pacer CM/ECF system, and not to a filing's original page numbering.

[2] *Batten v. Citi General Hardware, Inc.*, No. 24-cv-2039, 2025 WL 2751149, at *2 (E.D.N.Y. Sept. 29, 2025).

To circumvent these failures of proof and persuasion, Plaintiff sought leave in January to introduce a declaration from a supposedly "similarly situated" employee. *See* Doc. 90. That individual (the "Declarant")[3] claims that he was employed between 2018 and 2021 by both the "College and Montefiore" as a "Study Coordinator" in Montefiore Medical Center's "Cardiovascular Research Department." Doc. 101, ¶ 2. However, the Declarant is not similarly situated to Plaintiff or any other Study and Research Coordinator (collectively, "Study Coordinators") for the following reasons:

**1. <u>Declarant is not a member of the proposed collective</u>.** Plaintiff's proposed collective is comprised of persons who "held the titles of Study Coordinator or Research Coordinator at some point between February 9, 2018, to the present." *See* Doc. 79 at 9; *accord* Doc. 87-21 at 2 (proposed notice, describing the collective as those who worked as "full-time research coordinators and study coordinators"). While Declarant claims he was a "Study Coordinator" (Doc. 90-1, ¶ 2), he was employed and compensated as a *Study Supervisor* overseeing several cardiovascular clinical trials being conducted by Montefiore Medical Center (*see* Mercado Dec., ¶¶ 4-7).[4] Declarant therefore is not a member of the proposed collective. *See* Doc. 104 at 8 (plaintiff's reply, characterizing the inquiry before the Court as "whether Plaintiff has shown that *Study Coordinators and Research Coordinators* shared similar job duties and were subject to a common pay practice.") (emphasis added).[5]

**2. <u>Study Supervisors are *not* Study Coordinators</u>.** Study Supervisors are not Study

---

[3] The Court has Ordered that the Declarant's identity be redacted from public filings. *See* Doc. 100 at 4-5.

[4] "Montefiore Dec." refers to the Declaration of Angie Mercado, dated February 20, 2026, and filed herewith.

[5] Of course, Plaintiff's proposed collective cannot date back to February 9, 2018. He filed this action on February 9, 2024, and the most generous FLSA limitations period is three years. *See* 29 U.S.C. § 255(a). Plaintiff has requested that the Court equitably toll that limitations period back to August 15, 2022. *See* Doc. 79 at 9. Accordingly, even if the Court were to grant conditional certification and tolling, the limitations period would not extend back to 2018.

Coordinators, and Plaintiff offers no evidence to the contrary. Study Coordinators like Plaintiff are employed by the College, not by the Montefiore Defendants. *See* Doc. 94-1, at 54:14-55:9. Declarant, on the other hand, was employed by Montefiore Medical Center as a Study Supervisor helping to manage the hospital's ongoing cardiac clinical trials, and not by the College. *See* Mercado Dec., ¶¶ 4-7; Ramirez Decl., ¶¶ 3-4.[6]

Declarant's duties and responsibilities also varied. His position as a Study Supervisor involved supervising and evaluating the progression of clinical trials. Mercado Dec., ¶ 4. This included performing "morning rounds" with clinical participants at Montefiore Medical Center's "three different campuses." Doc. 101, ¶ 3. Plaintiff, on the other hand, was a Study Coordinator who claims that he "worked daily in the same [College] laboratory," where his job supposedly required him to simply "implement[] study protocols under the direction of" others. Doc. 79 at 11.

**3. <u>Plaintiff and Declarant have different educational and professional backgrounds</u>.** Plaintiff contends that applicants for Study Coordinator positions are not required to "hold advanced degrees" or have any particular background. *See* Doc. 79 at 11, 17. According to him, "[a] Study Coordinator position is an entry level job." Doc. 22, ¶ 2. Declarant, on the other hand, is a medical doctor and former lecturer at the Tirana Sports University in Albania, with extensive prior medical experience, as well as experience (and a degree) in large-scale project management. Mercado Dec., ¶¶ 5-6 & Ex. 1 thereto.

**4. <u>The proposed collective cannot be defined through subjective criteria</u>.** To be manageable, the membership of Plaintiff's proposed collective must be identifiable through application of objective criteria. Yet, Plaintiff characterizes the Declarant as a "similarly situated"

---

[6] "Ramirez Dec." refers to the Declaration of Yvonne Ramirez, dated February 19, 2026, and filed herewith.

3

Study Coordinator simply because the Declarant characterizes himself as such, contrary to records showing he worked in a different position. *See* Doc. 90 at 1. Moreover, Plaintiff now argues that the Study Coordinator job postings address only the "aspirational duties" of each position, and not the actual duties that anyone really performed (Doc. 103 at 11), thereby suggesting that the "similarity" of the Study Coordinators' duties can only be determined through individualized testimony. The introduction of such subjective inquiries demonstrates that there is no "collective," but only individualized inquiries. *See Guillen v. Marshalls of MA, Inc*., 750 F. Supp. 2d 469, 476-77 (S.D.N.Y. 2010) (denying conditional certification because plaintiff failed to demonstrate how he could prove through common evidence that the collective all performed off-job description, non-managerial tasks that called into question the propriety of their non-exempt classification); *Brown v. Barnes & Noble, Inc*., 252 F. Supp. 3d 255, 266-67 (S.D.N.Y. 2017) (same).

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in Defendants' collective certification opposition, Plaintiff's conditional certification motion should be denied and the supplemental declaration considered, if at all, within its proper context, understanding that the Declarant is not a member of the collective, performed a different job, during a period long before the relevant FLSA limitations period, at locations different than the Study Coordinators at issue in this case.

Dated:  February 20, 2026
       New York, New York

**LITTLER MENDELSON, P.C.**

By: */s/ William J. Anthony*
    William J. Anthony
    Denise Backhouse
    Roya Aghanori
    Sara Elgndy
    900 Third Avenue
    New York, New York 10022.3298
    wanthony@littler.com
    dbackhouse@littler.com
    raghanori@littler.com
    selgndy@littler.com
    Telephone: 212.583.9600
    Facsimile: 212.832.2719

    *Attorneys for Albert Einstein College of Medicine Inc., Montefiore Health Systems, Inc., Montefiore Medical Center, and Montefiore Medicine Academic Health System, Inc.*

5